# Staunton

## HOUNSHELL V. HOUNSHELL AND OTHERS.

### September 7, 1914.

1. APPEAL AND ERROR—*Consent Decree.*—An endorsement on a decree, "agreed to," signed by counsel for all the parties to the suit, makes the decree a consent decree so far as it affects the interest of the clients of such counsel. So far as they are concerned, the decree is agreed to as a whole, without reservation. From such a decree no appeal lies, as the consent cures all errors.

Appeal from decrees of the Circuit Court of Smyth county. Decree for the complainants. One of the defendants appeals.

*Appeal Dismissed.*

The opinion states the case.

*W. B. Kegley, E. Lee Trinkle,* and *J. J. A. Powell,* for the appellant.

*B. F. Buchanan* and *Stuart B. Campbell,* for the appellees.

HARRISON, J., delivered the opinion of the court.

This is an appeal from two decrees of the Circuit Court of Smyth county, one entered in vacation on the 18th day of August, 1913, and the other in term on the 13th day of September, 1913. The object of the suit was to settle the estate of Joseph S. Hounshell, deceased, and to divide the same among his ten children according

to their respective rights, and to that end to have construed two certain papers executed by Joseph S. Hounshell in his life time—the first a deed, dated July 11, 1887, wherein Joseph S. Hounshell was party of the first part and J. A. Hounshell and his children were parties of the second part. The second paper was an agreement dated January 28, 1908, between Joseph S. Hounshell and his son D. S. Hounshell. On the 24th day of May, 1913, the cause was argued and submitted to the court and made a vacation cause for such decision and decree as might have been entered in term. On the 18th day of August, 1913, the court entered the first decree here appealed from, construing the two papers executed by Joseph S. Hounshell in his life time, determining the rights of the parties thereunder and appointing a commissioner to ascertain and report among other things the value and kind of estate left by the decedent. On the face of this decree prior to the signature of the judge, signed by counsel for all the parties, are the words, "Agreed to." The commissioner's report being returned, the court on September 13, 1913, entered the second decree appealed from, confirming the commissioner's report without exception, and carrying into effect the provisions of the decree of August 18th. At the foot of this decree the following statement is made, signed by counsel for all the parties: "We agree that the foregoing decree may be entered."

The contention of the appellees is that these are consent decrees and, therefore, not appealable. It is not denied that a consent decree waives all error and is not subject to review. As said in the recent case of *Prince* v *McLemore,* 108 Va. 269, 61 S. E. 802, "There can be no error in a consent decree, for consent cures all errors."

The appellant, however, insists that he only agreed to a portion of the vacation decree of August 18, and alleges in his petition for appeal that he is aggrieved by

that portion of the decree which construes the agreement between himself and Joseph S. Hounshell, deceased. In their argument counsel assert that the consent endorsed on the decree only had reference to an agreed settlement of the controversy growing out of the deed of July 11, 1887, which compromise agreement was set forth on the face of the decree.

The record does not sustain this position. On the contrary it appears that appellant had no interest in the decree of August 18, other than the construction thereby placed upon the contract between himself and his father. It is not denied that he had no interest whatsoever in the controversy growing out of the deed of July 11, 1887, and, therefore, his assent could have added nothing to the force of a decree carrying into effect a compromise of such controversy.

It is further insisted in argument that the endorsement was merely intended as notice to the court that the counsel interested had seen the decree. There is nothing in the record to sustain this assertion, and the language of the endorsement was wholly unnecessary for the purpose suggested. The solemn consent endorsed on their face by counsel for appellant, agreeing to the decrees now complained of would be meaningless unless it meant that counsel consented to the decrees so far as the interest of their client was affected thereby. The decrees were agreed to as a whole without reservation of any sort, and there is nothing in the record to warrant this court in saying that any portion of either decree was not intended to be included in the consent agreement endorsed on each.

The decrees complained of being consent decrees and, therefore, not subject to review, this appeal must be dismissed as improvidently awarded.

*Appeal Dismissed.*