**Salem**

JOAN HAMILTON SCHMIDT

v.

JOSEPH WILLIAM SCHMIDT

No. 0694-87-3

Decided July 5, 1988

502

COUNSEL

H. Gregory Campbell, Jr. (Gilmer, Sadler, Ingram, Sutherland & Hutton, on brief), for appellant.

Richard W. Davis, for appellee.

OPINION

**COLEMAN, J.** — Joan Schmidt appeals the trial court's decision denying her a judgment for child support arrearages. She argues that a 1983 decree ordering Joseph Schmidt to pay $900 "until further order of the Court" supplanted the reduction provisions of a 1981 separation agreement which had been incorporated into the final divorce decree. She contends that an arrearage resulted from Joseph Schmidt paying an amount based upon the reduction provisions in the contract rather than the obligation as directed by the court's decree. Mr. Schmidt responds that the 1983 decree merely modified the amount of the monthly child support payments established by the separation agreement so that $900 rather than $800 as provided in the agreement was the figure from which the contract reductions would be taken. We agree with Mr. Schmidt and affirm the trial court's decision.

The Schmidts were divorced in July of 1981. A separation agreement between them provided that Mr. Schmidt would pay $800 per month child support. The child support payment would decrease by $100 per month when Mrs. Schmidt sold the marital residence which she acquired under the agreement, and would further decrease by $100 per month when each child graduated from high school. The divorce decree affirmed and incorporated the separation agreement.

In February 1983, Mrs. Schmidt petitioned to increase the child support. The court granted an increase, ordering,

> And it further appearing that the Defendant has been voluntarily paying to the Plaintiff the sum of $900 per month for support of the infant children, and it appearing that such sum is at this time sufficient for the proper care and maintenance of the children, it is accordingly ADJUDGED, ORDERED and DECREED that the Defendant continue, until further order of this Court, to pay to the Plaintiff for support of the infant children the sum of $900 per month, such sum being due and payable on the last day of each month.

Mr. Schmidt continued to pay $900 per month, less the reductions in the separation agreement as the specified events occurred. In November 1986, Mrs. Schmidt filed a petition alleging Mr. Schmidt was in arrears in the amount of $5,310 because the decree increasing child support to $900 per month superseded the contractual reduction provisions. The trial court held that the 1983 decree only increased the monthly amount due under the agreement from $800 to $900 and that all other provisions of the contract which had been approved and incorporated in the final divorce decree remained intact. Thus, the court held that Mr. Schmidt was not in arrears.

Although courts view favorably the efforts of parties to resolve their disputes amicably, the legislature and the courts have recognized in domestic relations matters the need to reserve authority with the courts to modify child support awards as the circumstances may require where the interests of children are at stake. Code § 20-108; *Osborne v. Osborne*, 215 Va. 205, 212, 207 S.E.2d 875, 882 (1974). This jurisdiction remains with the court despite any agreements between the parents. *Parrillo v. Parrillo*, 1 Va. App. 226, 231, 336 S.E.2d 23, 26 (1985). This is so even when the agreement between the parents has been ratified and incorporated into the divorce decree. *Edwards v. Lowry*, 232 Va. 110, 112, 348 S.E.2d 259, 261 (1986). The court had the authority in this case, therefore, to modify the agreement in part or to supplant it altogether, as the best interests of the children would dictate.

■ Mrs. Schmidt argues that the provision "until further order of the Court" is a plain and unambiguous directive, which necessarily required that the 1983 decree superseded the 1981 agreement with respect to the child support payment. She relies upon a line of cases which hold that a spouse must pay according to the terms of a court's decree, that the right to payments becomes vested when due, and that the remedy to an inequitable award is to petition the court for a modification of the support provisions. *See, e.g., Fearon v. Fearon*, 207 Va. 927, 154 S.E.2d 165 (1967); *Cofer v. Cofer*, 205 Va. 834, 140 S.E.2d 663 (1965); *Newton v. Newton*, 202 Va. 515, 118 S.E.2d 656 (1965). We agree that a former spouse must make payments according to the court's decree; a spouse's delay in pursuing enforcement, or acquiescence by accepting a lesser amount than the court award, or an agreement to accept a lesser sum than the award, will not relieve the obligor nor will it prevent accumulation of an arrearage. *See Richardson v. Moore*, 217 Va. 422, 229 S.E.2d 864 (1976). However, we do not agree that the phrase "until further order of this Court" was a directive which necessarily superseded all the provisions of the ratified and incorporated separation agreement. The scope and effect of the 1983 decree upon the court's prior approval and incorporation of the contract provisions into the 1981 decree depends upon the intent of the trial court at the time. The chancellor must construe the 1983 decree in light of the circumstances of the case at the time to determine whether the decree was intended to supplant the reduction provisions of the original agreement or whether it merely modified the amount of monthly support.

■ "[W]hen the contract is incorporated in the divorce decree, a subsequent order revising the amount of the monthly payment does not necessarily 'supplant' the contract provisions regarding child support." *Gazale v. Gazale*, 219 Va. 775, 778-79, 250 S.E.2d 365, 367 (1979). In *Gazale*, the separation agreement which was affirmed, ratified, and incorporated by the divorce decree, provided that husband would pay monthly child support of $267 per child until each child attained the age of twenty-one years, got married, or became self-supporting. Approximately a year later, the chancellor entered a consent decree awarding husband custody of one child and reducing the support payment by $267 "until the further Order of this Court." Three years later, custody of that child was returned to the wife and the monthly payment was restored for the period set out in the contract. The

husband argued that since the consent decree supplanted the contract, the court was without jurisdiction to order support beyond age eighteen, the legal age of majority. The Virginia Supreme Court held that the decree did not supplant the contract in light of the fact that the monthly payment was only one of several provisions related to child support. Recognizing that the consent decree was a court order, the court also noted that it was contractual in nature and concluded that the decree amended the contract rather than supplanted it, and that the period of support intended by the contract would control. *See also Mack v. Mack*, 217 Va. 534, 229 S.E.2d 895 (1976) (court order to pay $225 "until the further order of [the] Court" did not supplant the contract).

Although the decree in the case before us was not styled a "consent decree," as it was in *Gazale*, the trial court noted that the husband voluntarily had been paying $900 instead of $800 as required by the agreement, and that the decree ordered only that he continue to do so. Thus, the parties were apparently in agreement before the decree; the decree merely formalized the obligations already assumed. Further, as in *Gazale*, the monthly support payment was only one of a number of provisions related to child support. All of those provisions, including the reduction provisions, were incorporated into the divorce decree and were enforceable by decree. The 1983 order touched only one of those provisions and did not require that any others be changed to give the order effect. We will not construe the general language from the 1983 decree, "until further order of the court," as evincing an intention by the trial judge to supersede other specific provisions from a former decree unless they are necessarily affected by the amendments. Here the 1983 amendment does not necessarily conflict with the reduction provisions which had been incorporated in the 1981 final decree. Where the court's decree does not expressly or by necessity supplant the provisions of the former decree incorporating the agreement or where the two are not incompatible, the valid provisions of both decrees will be enforced. Additionally, while a chancellor's construction of his own decree is not conclusive of the court's intention at the time, we deem it significant that the same judge who issued the decree in 1983 held in 1987 that his intention in 1983 was to modify the contract and decree so that $900 would become the amount of monthly child support from which the reductions incorporated in the 1981 decree would be applied.

The trial judge did not issue the 1983 decree in a vacuum, nor will we construe it in one. When he ordered the increase in child support in 1983, he did so with full knowledge of the affirmed and incorporated contract, including the self-executing reduction provisions. The 1983 decree affected only the amount of monthly child support; it did not address, supplant, or supersede the other child support provisions in the contract or the decree incorporating its provisions. The effect of the 1983 decree was to continue by court order what the husband was doing voluntarily. In the context of the agreement and these circumstances, we hold that the 1983 decree did not supplant the contract, but served rather to amend it. The decree amended the contract to require the father to pay $900 per month for the support of his children, less the reductions as they were authorized by the contract. The trial court so held, and we affirm that decision.

*Affirmed.*

Duff, J., and Hodges, J., concurred.