## CIRCUIT COURT OF FAIRFAX COUNTY

Louise L. Brown

    v.

Linwood N. Brown

Case No. (Chancery) 111917

By JUDGE ROSEMARIE ANNUNZIATA

November 30, 1990

The matter before me is defendant Linwood N. Brown's motion to reduce the spousal support he is obligated to pay by Court Order entered on October 21, 1989. On November 19, 1990, Mr. Brown was found by this Court to be in arrears in his support payments and in violation of the Court's order. Judgment in the amount of $4,000.00 was entered against him on that date.

Plaintiff Louise L. Brown asks the Court to deny Mr. Brown's motion for reduction contending the equitable doctrine of clean hands bars the grant of relief Mr. Brown seeks. While the Court may refuse to proceed further with this matter until Mr. Brown has satisfied this judgment for arrearages, *Gloth v. Gloth*, 154 Va. 511, 555 (1930), such a refusal lies within the discretion of the Court. I am of the view that, in this case, Mr. Brown's request for modification may be considered. In conjunction with making this determination regarding modification, I ask counsel to submit a memorandum discussing the evidentiary and legal basis for their respective positions by December 14, 1990:

December 19, 1990

The matter before the Court is defendant's petition for modification of the support order entered by this court on the 21st day of October, 1990. In support of his petition, defendant contends circumstances have changed since the entry of the Court's order and also contends that an agreement entered into between the parties, subsequent to the entry of the support order, provides for a reduction in child support and an extinguishment of the right to spousal support, beginning July 30, 1990.

With respect to child support, it is clear that modification of an award remains with the court regardless of any agreement reached between the parties. *Parrillo v. Parrillo*, 1 Va. App. 226 (1985); *Schmidt v. Schmidt*, 6 Va. App. 501 (1988). The Court is thus not bound by the parties' agreement in this case. Having reviewed the evidence presented, the arguments of counsel, the written memoranda of law and the support guidelines applicable in this case, I find the child support award should not be modified.

With respect to spousal support, under the dictates of Va. Code § 20-109, the Court is bound by the agreement of the parties only in setting permanent support. An existing support order may not be modified by contract. *Cappell v. Cappell*, 164 Va. 45, 49-52 (1935); *Newton v. Newton*, 202 Va. 515, 518 (1961). Thus, defendant's support obligation continues until a lawful decree modifying the award is entered by the court.

I believe equity requires that the wife's waiver of her right to spousal support after July 30, 1990, by agreement, be considered, together with the other evidence presented, in the determination of husband's motion to reduce the award. In light of these considerations, husband's petition to reduce spousal support is granted, and spousal support shall terminate beginning January 1, 1991.