ANNUNZIATA, Judge.
Sharon Lane (“wife”) appeals the trial court’s ruling that the spousal support awarded in the parties’ final decree of divorce could be modified pursuant to Code § 20-109(A). Robert Lane (“husband”) cross-appeals, contending the trial court erred by finding that the parties’ circumstances did not warrant either reduction or termination of spousal support and in denying his motion to do so on that ground. For the reasons that follow, we hold that the trial court erred in finding the parties’ spousal support agreement subject to modification, but we affirm its decision denying husband’s petition to modify his support obligation.

FACTUAL BACKGROUND

The parties were divorced by decree of the Circuit Court of Fairfax County in 1988. There was no equitable distribution hearing. Instead, counsel for the parties, but not the parties themselves, signed a final decree of divorce which incorporated by reference some of the terms to which the parties had agreed in their settlement agreement. The final decree stated, inter alia, that husband’s spousal support obligation would *128 remain in effect until the death of either of the parties or until wife’s remarriage. The final decree provided further that wife would receive thirty percent of husband’s retirement pay, but it made no provision for the distribution of any other property. It contained no express waivers. The final decree was entered on December 13, 1988.
The parties entered into a subsequent agreement memorialized in a consent decree on March 14, 1989, which increased the level of spousal support from $300 per month to $500 per month. On September 3, 1997, husband petitioned to have his support obligation terminated on grounds of materiál change in circumstances. The trial court concluded that husband’s spousal support obligation was subject to modification under Code § 20-109(A), but determined that no reduction or termination of support was justified by the changes in circumstances proven by husband. Although the court found that the circumstances of both parties had changed since the final decree was entered, it concluded that husband’s financial status remained “much better” than the financial status of the wife. The court therefore denied husband’s petition for termination or modification of support.
Wife noted her objection to the court’s ruling that the spousal support was subject to the provisions of Code § 20-109(A) allowing modification of the award and that Code § 20-109(B) did not apply. Husband noted objections to the court’s ruling as well, contending the court erroneously applied the standards of Code § 20-107.1 in denying his petition for modification of his support obligation. Wife noted her appeal to this Court, and husband cross-appealed.

ANALYSIS

As written in 1988, Code § 20-109(C)[1] read, in pertinent part:
*129 [I]f a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed before entry of a final decree, no decree or order directing the payment of support and maintenance for the spouse, suit money, or counsel fee or establishing or imposing any other condition or consideration, monetary or nonmonetary, shall be entered except in accordance with that stipulation or contract. If such a stipulation or contract is filed after entry of a final decree and if any party so moves, the court shall modify its decree to conform to such stipulation or contract.
The Virginia Supreme Court has defined stipulation to mean “an agreement between counsel respecting business before a court.” Burke v. Gale, 193 Va. 130, 137, 67 S.E.2d 917, 920 (1951). In order to constitute a stipulation, an agreement between the parties incorporated into their final decree need only have been signed by their counsel. See id. Such stipulations or agreements cannot be modified. See id. (“If the stipulation was agreed to there can be no objection to it.”); Code § 20-109. Cf. Kunz v. Jarnigan, 25 Ark.App. 221, 756 S.W.2d 913, 915 (1988) (stipulation constituting a complete settlement of the parties’ marital rights held not modifiable). However, Code § 20-109(C) is clear in its requirement that an agreement between the parties, whether by stipulation or by contract, be signed by the “party to whom such relief might ... be awarded,” in order for the terms of the agreement to become non-modifiable.
The final decree was signed by neither party. Thus, according to the plain language of Code § 20-109, no agreement or stipulation was established by the final decree.
However, the parties’ subsequent consent decree meets the requirements of Code § 20-109 and constitutes a stipulation as contemplated by the statute. It is a “contract or agreement,” Orlandi v. Orlandi 23 Va.App. 21, 26, 473 S.E.2d 716, 719 (1996), signed by wife, the party seeking relief under *130 it.[2] See Durrett v. Durrett, 204 Va. 59, 63, 129 S.E.2d 50, 53 (1963) (“ ‘A consent decree is a contract or agreement between the parties to the suit, entered of record in the cause with the consent of the court, and is binding unless secured by fraud or mistake.’ ” (quoting Barnes v. American Fertilizer Co., 144 Va. 692, 720, 130 S.E. 902, 911 (1925))). As the parties’ consent decree was filed after the entry of the properly signed final decree by agreement of the parties, it becomes the governing agreement between the parties, see Parrillo v. Parrillo, 1 Va.App. 226, 230-31, 336 S.E.2d 23, 25-26 (1985), and pursuant to Code § 20-109 its provisions regarding support cannot be modified. We, accordingly, find the trial court erred in ruling to the contrary and reverse its decision that the spousal support award was subject to modification.
Because the agreement incorporated into the consent decree is not subject to modification under Code § 20-109, we reject husband’s claim that the trial court erred by not reducing or eliminating his support obligation. Given the non-modifiable status of the spousal support obligation, the trial court’s denial of his petition to modify his support obligation was not erroneous. “ We do not hesitate ... where the correct conclusion has been reached but the wrong reason given, to sustain the result and assign the right ground.’ ” Beverly Health and Rehab. Servs., Inc. v. Metcalf, 24 Va.App. 584, 596, 484 S.E.2d 156, 162 (1997) (quoting Robbins v. Grimes, 211 Va. 97, 100, 175 S.E.2d 246, 248 (1970)). Accord *131 ingly, we affirm the trial court’s decision to deny husband’s requested support modification.

Reversed in part and affirmed in part.

. The trial court appears to have relied on the current language of Code § 20-109, although in 1988 the statute was not subdivided. However, the governing language from the 1988 statute is identical to that of the statute in its present form. The parties have adopted the trial court’s *129 references to those subparts, and we follow suit herein for ease of reference.

. The statute’s reference to the "party to whom such relief might otherwise be awarded” signifies the payee party, who, but for the existence of the property settlement agreement, would be entitled to claim spousal support under Code § 20-107.1. Contrary to husband’s assertions, it is irrelevant that husband did not sign the consent decree, because only wife may be deemed the "party to whom such relief might otherwise be awarded” within the meaning of Code § 20-109. See Lindsay v. Lindsay, 218 Va. 599, 602-03, 238 S.E.2d 817, 818-19 (1977) (payee ex-spouse was "party to whom relief might otherwise be awarded” under Code § 20-109, and was entitled to seek enforcement of consent decree modifying support award included in earlier final decree of divorce).