# CIRCUIT COURT OF THE CITY OF NORFOLK

Ophelia Keeling Brown

v.

Charles Nathaniel Brown

January 7, 2008

Case No. CL07-3084

BY JUDGE JOHN C. MORRISON, JR.

This case came to be heard on the 6th day of August 2007 upon the Plaintiff's Motion to Dismiss the Defendant's Petition to Terminate Spousal Support. On October 17, 2007, the Court entered an Order dismissing the Defendant's Petition. Thereafter, on November 7, 2007, the Court Vacated the October 17, 2007, Order and agreed to reconsider Plaintiff's Motion.

The Court has reviewed and considered the memoranda submitted by counsel for both parties. The following will set forth my ruling.

*Background*

Ophelia Keeling Brown (hereafter, "Plaintiff") and Charles Nathaniel Brown (hereafter, "Defendant") were divorced by entry of a Final Decree of this Court on March 22, 2004. The Decree required the Defendant to pay spousal support in the amount of $1,250.00 per month. On April 24, 2004, the Plaintiff filed a Show Cause action in the Norfolk Juvenile & Domestic Relations Court (hereinafter, "J&DR Court") alleging that the Defendant had failed to pay court-ordered spousal support. At the conclusion of the hearing on May 24, 2004, the J&DR Court entered an Order that was agreed to by the parties. The Order provided for the Defendant to pay Ms. Brown's attorney's fees and spousal support for May 2004 and for the Defendant to pay Ms. Brown $1,250 per month commencing June 30, 2004. The Order also

included a repayment schedule for the spousal support arrearages for the months of August 2003 through April 2004. Ms. Brown's attorney signed the Order. The Defendant signed the Order *pro se*.

On April 17, 2007, the Defendant filed a Motion Seeking a Termination of Spousal Support alleging a change in circumstances occasioned by his early retirement. On May 7, 2007, the J&DR Court, in Case No. JA086801-01-02 by Judge L. D. Hogge, dismissed the Defendant's Petition, and the Defendant appealed to this Court. On July 5, 2007, the Plaintiff filed a Motion to Dismiss the Defendant's Petition as a matter of law. After considering Memoranda of Law filed by counsel for both parties, on October 17, 2007, this Court entered an Order dismissing the Defendant's Petition as a matter of law. On November 7, 2007, Judge John C. Morrison, Jr., vacated that final Order of Dismissal and agreed to reconsider the Memoranda filed by the parties and render a *de novo* decision.

## Analysis

A consent decree is "a contract or agreement between the parties to the suit, entered of record in the cause with the consent of the court, and is binding unless secured by fraud or mistake." *Durett v. Durett*, 204 Va. 59, 63, 5 S.E. 50, 53 (1963) (quoting *Barnes v. American Fertilizer Co.*, 144 Va. 692, 720, 130 S.E. 902, 911 (1925)). Additionally, "the party asserting the existence of an agreement bears the burden of persuasion to prove its existence." *Baldwin v. Baldwin*, 44 Va. App. 93, 99, n. 1, 603 S.E.2d 172, 174, n. 1 (2004).

Where the parties contract to the amount of spousal support due, and that agreement is filed *before* entry of the final divorce decree, "no decree or order directing the payment of support and maintenance . . . shall be entered except in accordance with that stipulation or contract." Va. Code Ann. § 20-109(C) (2007). Conversely, where such a contract is filed *after* entry of the final decree, upon the movement of either party, "the court shall modify its decree to conform to such stipulation or contract." *Id.* Once such an agreement is incorporated into the final decree, "it becomes the governing agreement between the parties . . . and its provisions regarding support cannot be modified." *Lane v. Lane*, 32 Va. App. 125, 130, 526 S.E.2d 773, 776 (2000) (internal citations omitted).

The parties disagree as to whether the May 24, 2004, Order is a consent decree and, therefore, a non-modifiable contract under Va. Code § 20-109(C). Plaintiff argues that the Order was a consent decree because it states that it is an "agreement of the parties" and it was "entered without objection and

without reservation." (Pl.'s Mem. 1.) Additionally, Plaintiff contends that the Defendant's endorsement of the Order as "seen and agreed" is "evidence of [his] agreement to the terms contained in the Order." *Id.*

In support of her argument, Plaintiff cites the holdings in *Hounshell v. Hounshell*, 116 Va. 675, 82 S.E. 689 (1914), and *Newman v. Newman*, 42 Va. App. 557, 593 S.E.2d 533 (2004). In *Hounshell*, the parties endorsed a Commissioner's Report "Agreed to" before it was entered to the Court. On appeal, the appellant argued that he only agreed to a portion of the decree. The Court held, "the solemn consent endorsed on their face by counsel for appellant, agreeing to the decrees now complained of would be meaningless unless it meant that counsel consented to the decrees so far as the interest of their client was affected thereby." *Hounshell*, 116 Va. at 677, 82 S.E. at 689. In *Newman*, the Court of Appeals held an agreement setting forth the amount of spousal support, "embodied in a consent decree signed by counsel on behalf of their respective clients," qualifies as a stipulation or contract under Va. Code § 20-109(C), thereby making the agreement legally binding. 42 Va. App. at 562, 593 S.E.2d at 536.

Because the May 24, 2004, Order is a consent decree, the Plaintiff argues that principles of contract law apply and the agreement may not be judicially modified at the unilateral request of one party. (Pl.'s Mem. 5.) *See, Newman*, 42 Va. App. at 569, 593 S.E.2d at 539 ("[A]bsent equitable grounds warranting rescission, a contract cannot be judicially modified or terminated at the unilateral request of a contract party unless the agreement expressly authorizes such relief. The same is true for a consent decree."). Therefore, Plaintiff claims that the Defendant's only remaining basis for modification are "death of either party, remarriage of Ms. Brown, or upon clear and convincing evidence of Ms. Brown's cohabitation with another person analogous to marriage pursuant to [Va. Code] § 20-109(A) and (D)." (Pl.'s Mem. 6.)

Defendant argues that the May 24, 2004, Order was not a consent decree, but a "'mere scheduling order preserving the statutes quo,' and aside from repayment of the schedule, should have no effect on his rights." (Def.'s Br. Opp'n 2-3.) In *Schmidt v. Schmidt*, 6 Va. App. 501, 505, 370 S.E.2d 311, 314 (1988), the Virginia Court of Appeals held "where the court's decree does not expressly or by necessity supplant the provisions of the former decree incorporating the agreement or where the two are not incompatible, the valid provisions of both decrees will be enforced."

Additionally, the Defendant argues that his endorsement of the "Show Cause Order" was not intended to modify the terms of spousal support addressed in the Divorce Decree. Defendant claims that the parties intended that the May 24, 2004, Order only address support arrearages because the

Petition for a hearing was entitled a "Show Cause Petition on Support Arrearages," and the May 24th Order does not "modify its decree to conform to [any] stipulation or contract." *See generally*, *Ted Lansing Supply Co. v. Royal Aluminum & Constr. Corp.*, 221 Va. 1139, 1141, 277 S.E.2d 228, 230 (1981) ("No court can base its decree upon facts not alleged, nor render its judgment upon a right, however meritorious, which has not been pleaded and claimed." (citation omitted)).

Defendant's argument is similar to one raised by Judge Benton in *Lane v. Lane*, 32 Va. App. 125, 526 S.E.2d 773 (2000). In that case, counsel for the parties signed a final decree of divorce which incorporated by reference a prior agreement of the parties. In a later consent decree, the amount of spousal support was increased. 32 Va. App. at 127, 526 S.E.2d at 775. Some time later, the husband petitioned for a termination of support on grounds of material change. *Id*. The majority opinion held that because the consent decree was signed and filed by the agreement of the parties, its provisions could not be modified. *Id*. at 130, 526 S.E.2d at 776. However, Judge Benton pointed out in his dissenting opinion that the Consent Order arose out of a hearing on the joint motion of the parties to voluntarily transfer custody of their minor child. *Id*. at 132, 526 S.E.2d at 776-77 (Benton, J., concurring, in part, dissenting, in part). When the Consent Order was presented to the judge, "the wife was acting as her own counsel and signed the Consent Order in that capacity 'pro se'." *Id*. Judge Benton argued that:

> [i]n the absence of extraordinary language in a court's order or decree acknowledging the filing of "such a stipulation or contract" and the parties' intent to have a "pro se" signature on that decree or order operate to invoke the limitations of Code § 20-109(C), the mere entry of a court order or decree which is signed by a party acting "pro se" does not satisfy the requirements of Code § 20-109(C).

*Id*.; *see also*, *Newman*, 42 Va. App. at 579, 593 S.E.2d at 544 (Benton, J. dissenting) (arguing that the order entered by the court did not constitute a "stipulation or contract" because it "did not clearly specify that it was to be so and it did not reference the limitations of Code § 20-109(C).") Although Judge Benton's argument is persuasive, this opinion was not adopted by a majority of the Court of Appeals.

Finally, Defendant claims that, even if the Order were held to be a contract, the terms referencing support are ambiguous and should be construed against the drafter, who in this case was Plaintiff's counsel, Sheera R. Herrell,

Esq. *See Jennings v. Jennings*, 12 Va. App. 1187, 1194, 409 S.E.2d 8, 13 (1991) ("[A]mbiguous contractual provisions are construed strictly against their author.") However, in *Jennings*, the Court of Appeals goes on to hold that "[g]eneral rules of construction . . . should not be applied mechanistically, with the result that the intention of the contracting parties is thwarted." *Id.*

## Conclusion

Pursuant to the authority cited herein, the Court finds that the May 24, 2004, Order is a consent decree, which has binding legal effect on the parties and may not be modified or terminated at the unilateral request of one party. The Order was "entered upon the agreement of the parties" and the Defendant signed the Order "seen and agreed." This qualifies as a stipulation or contract under Va. Code § 20-109(C).

The May 24, 2004, Order which incorporates the agreement of the parties does not state that spousal support may be modified or terminated due to a material change in circumstance. Therefore, the Court sustains the Plaintiff's Motion and dismisses the Defendant's Petition to Terminate Spousal Support as a matter of law.