124

## CIRCUIT COURT OF THE CITY OF SALEM

Bret Martin Paul

v.

Anita K. Paul

September 19, 2008

Case No. CL08-32

By Judge Robert P. Doherty, Jr.

After the separation of the parties, Wife petitioned for spousal support in the juvenile and domestic relations district court (J&D court). The petition was settled by entry of a "consent decree" reciting that "the parties and their counsel reached an agreement for the payment of spousal support." The consent decree, dated January 22, 2007, ordered Husband to pay spousal support through November 30, 2008, "at which time spousal support will terminate." Husband has now filed a complaint for divorce alleging that all matters of spousal support have been resolved by order of the J&D court. Wife's cross-complaint denies the resolution and asks for continued spousal support.

The position taken by Wife is that § 16.1-241(L), Code of Virginia (1950), as amended, authorizes a J&D court to fix spousal support when Husband and Wife are separated, but specifically declares that "[a] decision under this subdivision shall not be *res judicata* in any subsequent action for spousal support in a circuit court." Therefore, she concludes, the divorce court is not bound by the J&D consent decree, and can grant her spousal support in a greater amount and beyond the term set forth in the consent decree. Wife also argues, in the alternative, that § 20-109(C), Code of Virginia (1950), as

amended, only applies to permanent spousal support, and, at the very least, she should be entitled to an initial award of spousal support during the pendency of the divorce case, in accordance with § 20-107.1, Code of Virginia (1950), as amended.

Husband claims that the J&D consent decree he has filed in the divorce action is a contract as contemplated by § 20-109(C), and as such, the divorce court is prevented from granting spousal support to Wife in contravention of that agreement.

## Res Judicata

Wife is correct when she argues that pursuant to § 16.1-241(L), a decision by a J&D court concerning spousal support "shall not be *res judicata* in any subsequent action for spousal support in a circuit court." However, the language of that code section does not apply to the facts of this case. The consent decree in question was not based upon a decision concerning spousal support made by a juvenile and domestic relations district court. The judge did not hear evidence and decide a spousal support question. Instead, he simply accepted the agreed resolution that the parties had reached and ordered them to comply with it. See *Newman v. Newman*, 42 Va. App. 557, 562-64 (2004). Consequently, the language of § 16.1-241(L), which declares that the decision of a J&D court is not *res judicata* to a subsequent circuit court action for spousal support, does not apply to a consent decree entered by the J&D court.

## Contract

A consent decree is a bilateral contract between parties to litigation. In this case, a meeting of the minds occurred. Consideration was exchanged in the form of the forbearance of one party to seek the decision of the J&D court concerning spousal support, in return for the payment of spousal support in an agreed amount and for an agreed duration. Such an agreement, when reduced to writing in a court order and signed by or on behalf of the parties, constitutes a binding stipulation or contract as contemplated by Va. Code § 20-109(C), and, when filed before the entry of a final decree, prevents the Court from entering a spousal support order contrary to the terms of the parties' agreement. *Newman* at 567-69. That is what happened in this case. For a reported circuit court case containing very similar facts and results, see the opinion of Judge John C. Morrison, Jr., in *Brown v. Brown*, 74 Va. Cir. 436 (2008).

*Pendente Lite Support*

Wife's contention that the provisions of Va. Code § 20-109 only apply to a permanent award and not to a *pendente lite* or temporary award of spousal support is based upon a misapplication of the language contained in *Wright v. Wright*, 38 Va. App. 394 (2002).

That case discussed the factors contained in § 20-107.1 for establishing an initial award of spousal support and compared them with the factors set out in § 20-109, which require changed circumstances in order to alter an initial support award. The language in that case is fact specific. The court was not discussing the binding effect of a contract or consent decree as set forth in the mandatory language of § 20-109(C). That mandatory language directs that the trial court shall not enter a decree or order contrary to the dictates of a filed and authentic contract entered into by the parties. Pending the determination of the validity of such an agreement, it remains unproven and does not bind the Court. Once its efficacy is established, § 20-109(C) requires that the Court not enter an order or decree contrary to that agreement. The language of § 20-109(C) is clear and unambiguous. The Court accepts its plain meaning. See *Supinger v. Stakes*, 255 Va. 198, 205-06 (1998).

Accordingly, Wife's request for spousal support contrary to the language of the January 22, 2007, J&D consent decree is denied. She is bound by the terms of the consent decree the same as she would be bound by the terms of a signed and notarized post-nuptial agreement. This Court will not enter an order contrary to its terms.