COURT OF APPEALS OF VIRGINIA

Present:   Judges Alston, O'Brien and Senior Judge Clements
Argued at Alexandria, Virginia

UNPUBLISHED

SHAWN GARRETT

MEMORANDUM OPINION[*] BY
v.        Record No. 1440-16-4        JUDGE MARY GRACE O'BRIEN
                                      APRIL 18, 2017

ANDRIA GARRETT


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Victoria A.B. Willis, Judge

Anthony C. Williams (Anthony C. Williams & Associates, PC, on
briefs), for appellant.

Tara Steinnerd (Steinnerd Law PLLC, on brief), for appellee.


Shawn Garrett ("husband") appeals a final decree of divorce, and assigns error to the court's

rulings regarding his motion for a continuance, determination of equitable distribution, child and

spousal support awards, and motion to reopen the evidence. Andria Garrett ("wife") assigns

cross-error to the court's entry of a divorce *a mensa et thoro* and the court's determination of

support arrearages. For the following reasons, we affirm in part, reverse in part, and remand the

matter to the trial court.

BACKGROUND

The parties were married in November 1999 and had three minor children at the time of

trial. Wife filed for divorce on June 29, 2015 on the grounds of adultery. Husband filed an answer

and cross-complaint. Trial was set for June 7, 2016.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On June 6, 2016, wife obtained a protective order against husband. Although husband was present in court for the protective order proceeding the previous day, he did not appear for the divorce trial on June 7. His attorney attempted to contact him without success, and requested a continuance. The court denied counsel's request, and the trial proceeded in husband's absence.

At trial, wife testified that husband had served in the Marine Corps from 1998 until 2011. In June 2015, husband told her that he was having an affair with his ex-wife and intended to leave. Wife testified that husband became suicidal at this time and checked himself into the hospital. She told the court that she removed approximately $65,000 from the parties' joint account for "safe-keeping" while husband was in the hospital. She used some of the money for legal fees and to pay joint credit card debt. Husband did not return home after his discharge from the hospital.

Bill Mullins, the hiring manager for Davis Defense Group, testified that husband had been terminated from his employment as a government contractor. Mullins stated that husband had received warnings prior to his termination and would not be considered for rehire due to his "[p]oor performance, not showing up to work, not keeping us informed, and it was a pattern . . . for the past several months." Wife testified that she was not currently employed and that husband's annual salary had been approximately $109,000 a year. She asked the court to impute income to husband for calculation of spousal and child support guidelines. She also requested that the court award her eighteen months of husband's GI Bill educational benefits and a percentage of husband's military pension.

At the conclusion of wife's evidence, husband's counsel made a motion to strike because she did not present testimony from a corroborating witness. Wife advised the court that the witness was present and that her failure to present the testimony was inadvertent. She asked for leave to reopen the evidence, and the court granted the motion over husband's objection.

The court sent the parties a letter opinion on June 27, 2016, and directed them to prepare an order reflecting the rulings. On July 12, 2016, husband filed a motion to reopen the case to allow him to present evidence. On August 5, 2016, the court conducted a hearing on the motion. Husband testified that he suffers from post-traumatic stress disorder and chronic depression and that he takes prescription medication for both conditions. He stated that he was depressed after the protective order hearing and took medication that made him drowsy. He testified that he became disoriented and subsequently was hospitalized for eight days. The court found that husband's explanation for his absence at trial "lacks any credibility." The court noted that at the time of an earlier *pendente lite* hearing, husband professed that he was mentally stable. Husband's motion to reopen the evidence was denied.

Husband's attorney asked for additional time to present his objections for the record before the court entered the final decree of divorce. The court denied his request and signed the order at the conclusion of the hearing. The order granted wife a "divorce *a mensa et thoro*" on the grounds of adultery, and awarded wife the entire marital share of husband's military pension and eighteen months of his GI Bill educational benefits. The court did not order wife to repay the $68,000 that she removed from the parties' joint account. The order granted wife "non-modifiable spousal support" as well as child support, based on husband's imputed income. Husband noted his objections to the court's order, and this appeal followed.

## ASSIGNMENTS OF ERROR

Husband asserts the following assignments of error:

1. Trial court abused its discretion when it denied Appellant's motion for a continuance, denied Appellant's motion to reopen the evidence, awarded 18 months of Appellant's Post 911 GI Bill benefits to Appellee, in awarding Appellee the $68,000.00 she had removed from the parties' joint account, in allowing Appellee to re-open the evidence, and in denying Appellant's request for additional time to review the Final Order of Divorce for Errors prior to entry.

2. Trial court erred when it imputed income to Appellant for purposes of spousal support, child support and pro-rata share of unreimbursed medical expenses.

3. Trial Court erred when it made an award of non-modifiable spousal support in direct contravention of Code of Virginia § 20-109.

4. Trial court erred in awarding the entirety of the marital share of Appellant's military pension to Appellee in direct contravention of Code of Virginia § 20-107.3(G)(1).

ANALYSIS

A. Assignment of Error 1

Husband asserts that the court erred by denying his motion for a continuance and his motion to reopen the case. He contends that the court erred by granting wife's request to reopen the evidence, by giving her GI Bill educational benefits, and by awarding her the money she removed from the parties' joint account. He also argues that the court should have granted his request for additional time to review the final order of divorce prior to entry.

1. Husband's Motion for a Continuance

Husband maintains that the court erred by denying his counsel's motion for a continuance when husband was not present for trial on June 7, 2016. "The decision whether to grant a continuance is a matter within the sound discretion of the trial court. Abuse of discretion and prejudice to the complaining party are essential to reversal. In considering a request for a continuance, the court is to consider all the circumstances of the case." Venable v. Venable, 2 Va. App. 178, 181, 342 S.E.2d 646, 648 (1986) (citation omitted).

> It is fundamental that a motion for a continuance is addressed to the sound discretion of the trial judge who must consider all the circumstances of the case. The judgment or decree below will not be reversed on appeal due to the action of the trial court on such motion, "unless such action is plainly erroneous and prejudicial to the rights of the complaining party."

- 4 -

Autry v. Bryan, 224 Va. 451, 454, 297 S.E.2d 690, 692 (1982) (quoting Ferguson v. Colonial Pipeline Co., 206 Va. 719, 721-22, 146 S.E.2d 173, 175 (1966)).

In the present case, husband was aware of the trial date. He had been in court with his attorney the previous day. The court delayed the commencement of the trial to allow husband's counsel a number of opportunities to reach his client by telephone. However, counsel was unable to contact husband or proffer a reason for his absence.

Although husband contends that he was "severely prejudiced by his inability to present evidence," he fails to refer to any specific ruling made by the trial court. Therefore, "'absent a showing of prejudice to [husband] by the denial of a continuance,' we cannot find that the trial court abused its discretion" in denying husband's motion for a continuance. Butler v. Culpeper Cty. Dep't of Soc. Servs., 48 Va. App. 537, 544, 633 S.E.2d 196, 199 (2006) (quoting Cardwell v. Commonwealth, 248 Va. 501, 509, 450 S.E.2d 146, 151 (1994)). Further, while husband alleges that the court's denial of his motion for a continuance violated his due process rights, he never presented this claim to the trial court. His counsel merely requested a continuance and after the court recessed to allow him time to locate his client, husband's counsel reiterated: "I have nothing other than to belatedly [request] a motion for a continuance." Because husband did not make a due process claim to the court, he is barred from raising it on appeal. See Rule 5A:18; Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) ("Rule 5A:18 applies to bar even constitutional claims.").

### 2. Husband's Motion to Reopen the Case After Trial and Wife's Motion to Reopen the Evidence at Trial

At the August 5 hearing, husband requested that the court reopen the case to allow him to present evidence. He asserted that his absence from court on June 7 was involuntary because he was hospitalized with symptoms of major depressive disorder.

"Motions to reopen a hearing to take further evidence are matters within the court's discretion." Shooltz v. Shooltz, 27 Va. App. 264, 269, 498 S.E.2d 437, 439 (1998). "Usually, such motions are based upon error apparent on the face of the record, or for the purpose of introducing after-discovered evidence." Id. at 269, 498 S.E.2d at 439-40 (quoting Kirn v. Bembury, 163 Va. 891, 901, 178 S.E. 53, 56 (1935)). Although husband asserts that he was hospitalized on June 7, the evidence established that he was hospitalized the following day, June 8. He did not file his motion to reopen the case until July 12, more than a month after trial. Further, the court made a determination that husband's explanation for his absence from trial was not credible.

In contrast, at trial, wife inadvertently rested her case before presenting evidence from her corroborating witness. When husband moved to strike the case, wife immediately requested that the court permit her to reopen the evidence to present testimony from the witness, who was present. Husband asserts that the court erred by allowing wife to reopen the evidence. "The granting or denying of a motion to hear additional evidence is within the sound discretion of the trial court." Rowe v. Rowe, 24 Va. App. 123, 144, 480 S.E.2d 760, 770 (1997). In making its decision, the court may consider "whether [granting] a motion to reopen a hearing would cause prejudice, delay, confusion, inconvenience, surprise or injustice to the opposing party." Shooltz, 27 Va. App. at 269 n.1, 498 S.E.2d at 440 n.1. Husband does not allege any prejudice as a result of the court's ruling but merely asserts that it was unfair because he was not allowed to reopen his case after the trial had concluded.

We find that the court did not abuse its discretion in denying husband's motion to reopen the case and granting wife's motion to reopen the evidence.

### 3. GI Bill Educational Benefits

Husband argues that the court erred by awarding wife eighteen months of educational benefits under the GI Bill because the award contravenes federal law. 38 U.S.C. § 3319 states: "an

individual . . . who is entitled to educational assistance under this chapter . . . [may] elect to transfer to one or more of the dependents specified in subsection (c) a portion of [his] entitlement to such assistance." Subsection (c) allows the benefits to be transferred to the individual's spouse, children, or both, "*only while serving as a member of the Armed Forces when the transfer is executed.*" 38 U.S.C. § 3319(f)(1) (emphasis added). Husband was discharged from the Marine Corps prior to the divorce proceedings; accordingly, he would not be able to transfer his entitlements under the bill. Further, wife would no longer be considered a "spouse" after the decree of divorce was entered and therefore would not be eligible to receive transferred benefits.

Although "[f]ashioning an equitable distribution award lies within the sound discretion of the trial judge" and will not be set aside unless "plainly wrong or without evidence to support it," Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990), a trial court "by definition abuses its discretion when it makes an error of law," Shooltz, 27 Va. App. at 271, 498 S.E.2d at 441 (quoting Koon v. United States, 518 U.S. 81, 100 (1996)). Therefore, because the court could not order husband to transfer his GI Bill benefits to wife, the court abused its discretion in awarding GI Bill benefits in the equitable distribution award.

### 4. $68,000 from Joint Account

Husband acknowledges that his "assignment of error relating to the $68,000 . . . is made simply to preserve the issue pending the Court's decision on the Motion to Re-Open the Evidence." He "concedes that the evidence on record is insufficient to establish an abuse of discretion by the trial court" but argues that if he had been permitted to present additional evidence, the result may have been different. Because we find that the court did not abuse its discretion in denying the motion to reopen the evidence and based on husband's concession, we decline to address this issue on appeal. However, because we reverse other components of the equitable distribution award, we

remand the entirety of the equitable distribution award, including the $68,000 from the joint account, for reconsideration based on the evidence already before the trial court.

5. Additional Time to Review the Final Order

Husband requested additional time to review the final order before entry. He stated that he needed time to present his objections for the record, and asked to submit them in writing by the end of the day. The court declined his request and entered the order. Husband, who signed the order, noted eight specific objections in writing under his signature. His objections did not include the court's failure to grant him additional time before entering the order. He did not file any supplemental objections within the twenty-one days following entry of the order.

Husband cites Code § 20-99.1:1 as authority for his contention that the court erred by denying his request for time before signing the final order of divorce. His reliance is misplaced. Code § 20-99.1:1 addresses waiver of service of process, which was not an issue in this case. The statute provides that when service of process is waived, a court may enter "any order or decree without further notice unless a defendant has filed an answer in the suit." Here, not only did husband file an answer and a counterclaim in the divorce action, he filed a motion to reopen the evidence. On June 27, the court sent the parties an opinion letter setting forth rulings and directing the parties to "draft an [o]rder for entry by the [c]ourt no later than July 11, 2016." Husband does not contend that he did not receive the court's letter opinion. Therefore, he had ample time to notify the court of any objections he had to the court's rulings prior to the hearing in August and entry of the final decree.

Husband filed the motion to reopen the evidence on July 12 and was present when the matter was heard on August 5. He clearly had notice of the proceedings; he filed the motion. He argued his position to the court and noted his objections to the court's ruling. Nothing in Code § 20-99.1:1 can be construed as prohibiting a court from entering a final order when a hearing has

been held, a letter opinion sent to the parties, and a motion to reopen the evidence has been heard and ruled upon. The court did not abuse its discretion in denying husband's request to delay entry of the final order.

## B. Assignment of Error 2

Husband contends that the trial court erred by imputing income to him for the purposes of calculating spousal support, child support, and the pro-rata share of unreimbursed medical expenses. "The decision to impute income is within the sound discretion of the trial court and its . . . [decision] will not be reversed unless plainly wrong or unsupported by the evidence." Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 784 (1999).

"Imputation of income is used by a trial court when deciding whether 'to deviate from the presumptive amount of child support.'" Albert v. Albert, 38 Va. App. 284, 295, 563 S.E.2d 389, 394 (2002) (quoting Saleem v. Saleem, 26 Va. App. 384, 393, 494 S.E.2d 883, 887-88 (1998)). Although trial courts are statutorily mandated to calculate the guidelines before determining child support, Code § 20-108.1(B)(3) allows a court to deviate from the guidelines and "[i]mpute[] income to a party who is voluntarily unemployed or voluntarily under-employed." "Imputed income may be calculated from evidence showing a higher-paying former job voluntarily quit by the parent . . . or from evidence showing recent past earnings." Niblett v. Niblett, 65 Va. App. 616, 628, 779 S.E.2d 839, 845 (2015).

Wife presented evidence at trial that husband had been previously employed by Davis Defense Group. She testified about his annual salary and presented bank statements that reflected deposits from husband's employment. Bill Mullins, the "overall manager of the contract" that husband worked on, testified concerning husband's poor work performance and his ineligibility for rehire. Husband contends that the evidence does not support the imputation of income because

- 9 -

Mullins was not his direct supervisor. He further argues that he was not fired for misconduct or forced to resign; his one-year contract merely ended.

The court's letter opinion noted that husband "is currently unemployed but it is due to his own actions and as such income in the amount of his former employment will be imputed to him. [Husband] should be able to maintain employment with improved work habits." The court used husband's prior salary to impute income. "[A] parent's wages or other earnings at the time he or she became voluntarily unemployed are not only relevant in determining imputed income, they can be the most probative evidence of current earning capacity." Niblett, 65 Va. App. at 629, 779 S.E.2d at 845. Accordingly, we find that the court did not abuse its discretion in imputing income to husband for purposes of calculating the child support guidelines and for determining spousal support and unreimbursed medical expenses.

C. Assignment of Error 3

Husband asserts that the trial court erred by awarding wife non-modifiable spousal support "in direct contravention of Code of Virginia § 20-109." We agree.

Although both the decision whether to award spousal support and the amount of spousal support are "matter[s] of discretion for the trial court," this Court "will reverse the trial court . . . when its decision is plainly wrong or without evidence to support it." Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002). By definition, a trial court "abuses its discretion when it makes an error of law." Shooltz, 27 Va. App. at 271, 498 S.E.2d at 441 (quoting Koon v. United States, 518 U.S. 81, 100 (1996)).

Code § 20-109(A) provides that a court may "increase, decrease, or terminate the amount or duration of any spousal support . . . as the circumstances may make proper." Although this Court has held that parties may enter contracts for non-modifiable spousal support, see Lane v. Lane, 32 Va. App. 125, 129, 526 S.E.2d 773, 775 (2000), the parties in this case did not enter into a property

- 10 -

settlement agreement or other contract concerning spousal support. Accordingly, because the court's award of non-modifiable spousal support was prohibited by statute, the trial court abused its discretion. We reverse the court's decision.

## D. Assignment of Error 4

Husband contends that the court erred by awarding the entirety of the marital share of his military pension to wife in contravention of Code § 20-107.3(G)(1). We agree that the court made an error of law and therefore, abused its discretion in making the award. See Shooltz, 27 Va. App. at 271, 498 S.E.2d at 441.

In its equitable distribution determination, the court awarded wife "the marital share of [husband's] military pension, which shall be divided through a COAP/QDRO drafted by [wife's] counsel." However, Code § 20-107.3(G)(1) provides:

> The court may direct payment of a percentage of the marital share of any pension . . . which constitutes marital property and whether payable in a lump sum or over a period of time. . . . However, the court shall only direct that payment be made as such benefits are payable. *No such payment shall exceed 50 percent of the marital share* of the cash benefits actually received by the party against whom such award is made. "Marital share" means that portion of the total interest, the right to which was earned during the marriage and before the last separation of the parties, if at such time or thereafter at least one of the parties intended that the separation be permanent.

(Emphasis added). The court did not have authority to award more than fifty percent of the marital share of the pension, and it erred by doing so. Accordingly, we reverse and remand.

## E. Wife's Assignment of Cross-Error

Wife asserts that the court erred by granting her a divorce *a mensa et thoro* rather than a divorce *a vinculo matrimonii*. She concedes that she did not raise this issue before the trial court, but contends that the mistake was clerical in nature.

Code § 8.01-428(B) provides that

> [c]lerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order. During the pendency of an appeal, such mistakes may be corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending such mistakes may be corrected with leave of the appellate court.

It appears from the record that the parties requested a divorce (*a vinculo matrimonii*) not a legal separation (*a mensa et thoro*). Further, the final order grants a divorce pursuant to Code § 20-91(A)(1) on the ground of adultery. That code section refers to a divorce from the bonds of matrimony (*a vinculo matrimonii*).[1] The final decree appears to contain a clerical error. Under the provisions of Code § 8.01-428(B) we remand the matter to the trial court for entry of a *nunc pro tunc* order.

Wife also asserts that the court erred in determining the arrearages owed from husband. However, because she did not raise this issue at trial it is waived. See Rule 5A:18.

## CONCLUSION

We find that the court did not err in denying husband's motion for a continuance, denying his subsequent motion to reopen the case, or denying his motion for additional time to review the final decree. Further, we find that the court did not abuse its discretion in allowing wife to reopen the evidence, or in imputing income for the purpose of calculating support. However, because we find that the court erred in awarding wife educational benefits under husband's GI Bill and awarding wife the entirety of the marital share of husband's military pension, we reverse and remand for consideration of those issues as they relate to equitable distribution and spousal and child support. We also reverse the court's ruling concerning non-modifiable spousal support. We

---

[1] In his reply brief, husband states that he would "support the remand" of the final order for entry of a *nunc pro tunc* order on this issue.

- 12 -

remand the case for the court to determine the appropriate equitable distribution of property, spousal and child support, and to correct the clerical error and enter a decree of divorce *a vinculo matrimonii*.

<u>Affirmed in part, reversed in part and remanded.</u>