PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, McCullough and Senior Judge Haley
Argued by teleconference


JULIE A. RUBINO

OPINION BY
v.        Record No. 0595-14-1        JUDGE ROBERT J. HUMPHREYS
JANUARY 20, 2015

JUSTIN RUBINO


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
A. Bonwill Shockley, Judge

George A. Christie (Jennifer L. Fuschetti; Christie, Kantor, Griffin &
Smith, P.C., on briefs), for appellant.

Norman A. Thomas (Mykell L. Messman; Messman Law PLC, on
brief), for appellee.


Julie A. Rubino ("mother") appeals a child custody order entered by the Virginia Beach

Circuit Court (the "circuit court") on October 18, 2013, which awarded primary physical custody

of the two minor children to Justin Rubino ("father") unless mother relocated to the Virginia

Beach area, in which case, the parties were to have shared physical custody. Father and mother

were awarded joint legal custody of both minor children. In support of her appeal, mother

asserts the following three assignments of error:

(1) "The trial court erred in relying on the Virginia Military Parents Equal Protection Act,
Sections 20-124.7 through 20-124.10 of the Code of Virginia, in making a child
custody determination;"

(2) "The trial court erred in making a child custody determination without providing a
case-specific explanation of the best interests of the children;" and

(3) "The trial court erred by making a child custody determination contrary to the best
interests of the children."

For the reasons set forth below, this Court reverses the circuit court's decision and remands this case to the circuit court to determine the best interests of the children without consideration of the Virginia Military Parents Equal Protection Act.

## I. BACKGROUND

Father and mother were married on December 11, 2004 in Allentown, Pennsylvania. Father is an officer in the United States Navy who had approximately eighteen years of service at the time of the custody hearing in August 2013. In October 2006, the couple moved to Virginia Beach from South Carolina on orders from the United States Navy. Father and mother's first child was born on June 5, 2008 in Virginia Beach. Their second child was born on April 24, 2010 in Virginia Beach.

Father received orders from the U.S. Navy for a two-year tour in Bahrain to begin in June 2012. Father chose the Bahrain assignment because he was permitted to bring his family and would not be required to deploy or be away from his family while stationed in Bahrain. While mother initially refused to go to Bahrain, she eventually agreed to accompany father to Bahrain with the children. In April 2012, mother again refused to move to Bahrain with father. Because his family would no longer be accompanying him to Bahrain, father adjusted his assignment from two years to one year. Despite the couple's separation since February 2012, mother and father continued to live in their primary residence together with both children until father began training in Rhode Island in May 2012 for his subsequent move to Bahrain.

In anticipation of father's deployment, the circuit court held a *pendente lite* hearing on May 25, 2012 to determine whether mother should return to Allentown, Pennsylvania with the children or whether father should bring the children to Bahrain. The circuit court awarded primary physical custody of the children to mother, *pendente lite*, without restrictions to Virginia or Pennsylvania and with liberal visitation of two thirds of all times father was present within the

- 2 -

United States.  After father deployed to Bahrain, mother moved back to her childhood home of Allentown, Pennsylvania with the children.

On June 10, 2013, after father had returned to the United States from his tour in Bahrain, the circuit court modified the May 25, 2012 *pendente lite* order and provided that father and mother shall alternate visitation/physical custody of the children.  Beginning on June 30, 2013 through July 13, 2013, father would have physical custody of the children, with the subsequent two weeks to mother.  The parents were to continue on that schedule until the circuit court modified the arrangement.

The circuit court held a two-day hearing on child custody on August 19 and 20, 2013. The circuit court ultimately awarded primary physical custody to father unless mother relocated to the Virginia Beach area, in which case, the parties were to have shared physical custody of both minor children.  In delivering its decision, the circuit court discussed the Virginia Military Parents Equal Protection Act (the "Act") from the bench and specifically applied the Act in the final custody order.

The Act provides special protections for deploying military parents with respect to child custody and visitation rights during the time the military parent is deployed.  For example, the Act allows military parents to file a motion with the circuit court prior to deployment to delegate a portion of their visitation rights to other family members during the period of deployment. Code § 20-124.8(B)(1).  The Act also provides an expedited hearing in the event that no custody order is in place at the time a military parent is scheduled to deploy.  Code § 20-124.9(A). Additionally, the Act mandates that temporary orders entered pursuant to the Act shall require the non-deploying parent to "reasonably accommodate the leave schedule of the deploying parent or guardian," and "facilitate opportunities for telephonic and electronic mail contact

between the deploying parent or guardian and the child during the deployment period." Code § 20-124.10.

At the August 28, 2013 hearing, the court explained from the bench,

> I will acknowledge that the temporary order does not satisfy strictly the requirements under [the Act] requirements for military. But it also doesn't escape me . . . this code section does carve out particular protections for the military going places on orders. And it doesn't escape me that the intent of the [G]eneral [A]assembly . . . that they are trying to protect the military parent from being at a disadvantage in a custody issue when they come back.

The final custody order, signed by the court on October 18, 2013, stated, "Father's United States Navy orders to Virginia Beach create a special circumstance which provide him with special protection provided by the Virginia Military Parents Protection Act." This appeal follows.

## II. ANALYSIS

### A. The Virginia Military Parents Equal Protection Act

Unless statutorily directed otherwise by the General Assembly, in matters involving child custody, visitation, and related childcare issues, the court's paramount concern is always the best interests of the child. Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990). A trial court's determination of a child's best interests "is reversible on appeal only for an abuse of that discretion, and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it." Id. at 327-28, 387 S.E.2d at 795.

The Virginia Supreme Court has identified three principal ways by which a circuit court abuses its discretion: "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment." Landrum v. Chippenham & Johnston-Willis Hosps., Inc., 282 Va. 346, 352, 717 S.E.2d 134, 137 (2011). On appeal, the judgment of the

- 4 -

circuit court is presumed to be correct. <u>Wymer v. Commonwealth</u>, 12 Va. App. 294, 296, 403 S.E.2d 702, 704 (1991). This Court views the facts, and all reasonable inferences from those facts, in the light most favorable to the party prevailing below. <u>Congdon v. Congdon</u>, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003).

Mother's first assignment of error asserts that the circuit court abused its discretion by relying on the Act, an inapplicable statute, in reaching its custody determination. Specifically, mother argues that the circuit court extrapolated particular protections to military personnel from the Act and determined those extrapolated protections were necessary and proper considerations in the determination of child custody. The salient question we must resolve in this case is whether or not the circuit court properly considered the Act as part of a custody and visitation decision otherwise based solely on the best interests of the children. For the reasons that follow, we agree with mother that it did not.

First, both mother and father concede the Act does not apply to these parties or this case. The Act only applies to situations where one parent, with a child under the age of eighteen, deploys in accordance with military orders. The Act, which was enacted in 2008, specifically defines deployment as "compliance with military orders received by a member of the United States Army, Navy, Air Force, Marine Corps, Coast Guard, National Guard, or any other reserve component thereof to report for combat operations or other active service for which the deploying parent or guardian is required to report unaccompanied by any family member." Code § 20-124.7. Father's previous orders to Bahrain from June 2012 through June 2013 permitted his family to accompany him. Father's assignment in the U.S. Navy at the time of the hearing was the Norfolk/Virginia Beach area and also allowed his family to accompany him. Therefore, the Act is inapplicable to this case because father was not deployed at the time of the hearing, as defined by the Act.

In determining the best interests of a child for purposes of custody or visitation, the Code mandates that the circuit court shall consider ten enumerated factors. Code § 20-124.3. The circuit court considered, analyzed, and applied the Act under the "catchall" factor of subsection 10 of Code § 20-124.3.[1] The Act *temporarily* alters custody and visitation arrangements during the period of time a military parent is deployed to an area of military operations where dependents are not permitted to reside. While the Act provides military parents protection from alienation from the child while the military parent cannot exercise visitation and does allow for visitation to be coordinated with his or her leave time, the Act does *not* establish a generalized preference for the military parent for purposes of child custody or visitation. See Code §§ 20-124.8 to -124.10.[2] Significantly, the Act does not contemplate any of the statutorily

---

[1] Subsection 10 of Code § 20-124.3 provides that, in addition to the other enumerated factors, in fashioning a custody or visitation order a court shall also consider "Such other factors as the court deems necessary and proper to the determination."

[2] "Any court order limiting previously ordered custodial or visitation rights of a deploying parent or guardian due to the parent's or guardian's deployment shall specify the deployment as the basis for the order and shall be entered by the court as a *temporary order. . . .*" Code § 20-124.8(A) (emphasis added).

> The court, on motion of the deploying parent or guardian
> to delegate visitation to a family member, including a stepparent,
> with whom the child has a close and substantial relationship and
> upon finding that such delegation is in the best interests of the
> child, may enter an order delegating visitation that [d]elegates all
> or a portion of the deploying parent's or guardian's visitation rights
> to such family member . . . .

Code § 20-124.8(B)(1).

> If no court order exists as to the custody, visitation, or
> support of a child of a deploying parent or guardian, any petition
> filed to establish custody, visitation, or support for a child of a
> deploying parent or guardian shall be so identified at the time of
> filing by the deploying parent or guardian to ensure that the
> deploying parent or guardian has access to the child, and that
> reasonable support and other orders are in place for the protection

- 6 -

proscribed factors to be considered by the circuit court when it ultimately makes a final and

permanent custody determination.  See id.

　　　This Court has held that the circuit court may only consider the interest of the parents

when benefits to the custodial parent also independently benefit the children.  Cloutier v. Queen,

35 Va. App. 413, 430, 545 S.E.2d 574, 583 (2001).  In this case, the circuit court considered that

father was not in a position to move away from the Virginia Beach area due to his military orders

and that mother had signed a lease and had a job in Allentown, Pennsylvania.  In delivering the

custody decision, the circuit court explained,

> I will acknowledge that the temporary order does not
> satisfy strictly the requirements under [the Act] requirements for
> military.  But it also doesn't escape me . . . this code section does
> carve out particular protections for the military going places on
> orders.  And it doesn't escape me that the intent of the [G]eneral
> [A]ssembly . . . that they are trying to protect the military parent
> from being at a disadvantage in a custody issue when they come
> back.

---

> of the parent-child or guardian-child relationship . . . [s]uch
> petition shall be expedited on the court's docket in accordance
> with § 20-108.

Code § 20-124.9(A).

> Any order entered pursuant to § 20-124.8 shall provide that
> (i) the nondeploying parent or guardian shall reasonably
> accommodate the leave schedule of the deploying parent or
> guardian, (ii) the nondeploying parent shall facilitate opportunities
> for telephonic and electronic mail contact between the deploying
> parent or guardian and the child during the deployment period, and
> (iii) the deploying parent or guardian shall provide timely
> information regarding his leave schedule to the nondeploying
> parent or guardian.

Code § 20-124.10.

The final custody order manifests the court's reasoning for the custody determination, "Father's United States Navy orders to Virginia Beach create a special circumstance which provide him with special protection provided by [the Act]."

Though father argues that the transcript of the proceeding makes clear that the circuit court did not apply the Act in its custody determination, it is well settled law in Virginia that a "court speaks through its orders and those orders are presumed to accurately reflect what transpired." McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997). The circuit court's final order reflecting reliance on an inapplicable statute constituted an error of law. As such, the circuit court's consideration and significant weight afforded to the Act in determining custody constituted an abuse of discretion.

### B. Case-Specific Explanation of the Best Interests of the Children

Mother's second assignment of error claims that the circuit court erred by failing to provide a case-specific explanation of the best interests of the children. Code § 20-124.3 requires the circuit court to "communicate to the parties the basis of the decision either orally or in writing." This Court has held this requirement to mean that the circuit court must identify the fundamental, predominating reason or reasons underlying its decision. Kane v. Szymczak, 41 Va. App. 365, 372-73, 585 S.E.2d 349, 353 (2003). This level of specificity does not require the circuit court to address all aspects of the decision-making process or "to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." Sullivan v. Knick, 38 Va. App. 773, 783, 568 S.E.2d 430, 435 (2002). However, the circuit court must provide more to the parties than boilerplate language or a perfunctory statement that the statutory factors have been considered. Lanzalotti v. Lanzalotti, 41 Va. App. 550, 555, 586 S.E.2d 881, 883 (2003).

In this case, the record is clear that the circuit court provided more than just the boilerplate language that the factors were considered. During the August 28, 2013 hearing, the court listed each statutory factor with reference to specific facts of the case and concluded,

> What's in the best interest of the children is to have both of these parents available to them on a regular basis, not just a visitation basis . . . I want to give custody to both of them, but in order to do that, she is going to have to come back here.

The circuit court also applied specific facts from the case to each statutory factor in the final custody order. While the circuit court improperly relied upon the Act under factor ten of Code § 20-124.3, as discussed above, the circuit court did consider each statutory factor and expressly communicated the reasons underlying its decision to the parties. Therefore, with respect to this assignment or error, the circuit court did not abuse its discretion.

### B. Best Interest of the Children Determination

Mother's third assignment of error asserts that the circuit court erred by making a child custody determination contrary to the best interests of the children. The circuit court addressed the ten factors set forth in Code § 20-124.3 and included facts regarding each in the final custody order. Because the circuit court found that the other nine factors did not clearly favor one parent over the other with regard to custody, the circuit court's consideration of the Act under the "catchall" factor in Subsection 10 of Code § 20-124.3 served as the primary basis of the court's custody decision. Specifically, the final custody order states, "Father's United States Navy orders to Virginia Beach create a special circumstance which provide him with special protection provided by [the Act]." As discussed above, the Act does not apply to these parties or this case because father was not deployed, as defined by the Act, at the time of the hearing. Further, the Act offers protection for deploying military parents on a *temporary basis*. The Act is not applicable to permanent or final custody orders. See Code §§ 20-124.8 to -124.10.

Because we are remanding this case to the circuit court and because in determining child custody matters, "the court's paramount concern is always the best interests of the child," Farley, 9 Va. App. at 327-28, 387 S.E.2d at 795, we need not consider this assignment of error further since the circuit court will necessarily need to reconsider all of the statutory factors in Code § 20-124.3, without reliance on the Act, when making its custody determination.

### D. Remedies Available to Appellant

Father argues that even if this Court holds that the circuit court erred, this Court is not permitted to remand the case. Specifically, father claims that because mother sought the specific relief of a reversal of the circuit court's child custody determination with a mandate for her primary physical custody and residence in Pennsylvania, mother has waived the remedy of remand to the circuit court by operation of Rule 5A:20(f). While this argument is a novel one, we are unpersuaded by it.

Rule 5A:20(f) simply requires an appellant to provide a "short conclusion stating the precise relief sought." Father is unable to point to any statutory authority or case law to support his position that this Court is unable to exercise its authority to reverse and remand this case to the circuit court simply because mother requested this Court enter a final judgment. Conversely, the Code clearly states this Court's power to reverse orders and remand matters to a lower court.

> The appellate court shall affirm the judgment if there is no error therein, and reverse the same, in whole or in part, if erroneous, and enter such judgment *as to the court shall seem right and proper* and shall render final judgment upon the merits whenever, in the opinion of the court, the facts before it are such as to enable the court to attain the ends of justice. A civil case shall not be remanded for a trial de novo except when the ends of justice require it, *but the appellate court shall*, in the order remanding the case, if it be remanded, *designate upon what questions or points a new trial is to be had*.

Code § 8.01-681 (emphasis added). Contrary to father's assertion, the statute does not indicate that a remand to a lower court is a remedy that can be waived by an appellant. This Court,

finding error, *shall* reverse and remand the case, upon a finding that the ends of justice require a trial *de novo*. We so find and order that the case be reversed and remanded to the circuit court to make a custody determination excluding consideration of the Act.[3]

### III. CONCLUSION

For the reasons stated above, this Court reverses the circuit court's ruling on child custody, finding the circuit court abused its discretion by considering and affording an inapplicable statute significant weight in its custody determination. We remand this case to the circuit court with instructions to make a child custody determination based upon the best interests of the children, articulated in Code § 20-124.3, without consideration of the Act.

Reversed and remanded.

---

[3] Mother requested this Court reverse the trial court and "permit [mother] to return to Allentown with her children." Whether mother should be permitted to do so is a decision properly in the province of the circuit court upon remand and reconsideration of custody consistent with this opinion.