COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Decker and O'Brien
Argued at Richmond, Virginia


AMIT VARMA

v.     Record No. 2100-16-2

MEENAKSHI BINDAL

MEMORANDUM OPINION* BY
JUDGE ROBERT J. HUMPHREYS
JULY 18, 2017


FROM THE CIRCUIT COURT OF HANOVER COUNTY
Theodore J. Markow, Judge Designate

Brian H. Jones (Ann Brakke Campfield; Barnes & Diehl, P.C., on
briefs), for appellant.

John K. Cottrell (James Ray Cottrell; Amy W. Spain; Cottrell
Fletcher Bartol & Cottrell, on brief), for appellee.


Dr. Amit Varma ("father") appeals the November 29, 2016 decision of the Circuit Court

for the County of Hanover (the "circuit court") to enter a supplemental order to the final decree

of divorce from Dr. Meenakshi Bindal ("mother"). Father contends that the circuit court erred in

entering the supplemental order because it: (A) impermissibly altered the terms of the parties'

Custody and Visitation Stipulation (the "custody stipulation"); (B) was not supported by

evidence at the hearing; and (C) changed custody and visitation rights without considering the

bests interests of the child.[1] Both parties also request attorney fees incurred in this appeal.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] These issues are consolidated from the six overlapping assignments of error asserted by
father.

UNPUBLISHED

Mother and father (collectively, "the parties") were married on November 26, 2005, and had one daughter (the "child"), who is now approximately three years old. The parties were granted a divorce on November 29, 2016.

Among the primary issues in the divorce was father's admitted addiction and abuse of prescription drugs. Because of his addiction to prescription drugs as a medical doctor, father is required by the Board of Medicine to participate in the Physician's Assistance Program (the "program").[2] The custody stipulation, entered into by the parties on April 13, 2016, provided that mother would have sole legal and primary physical custody of the child. Regarding father's visitation with the child, the custody stipulation also provided,

> In the event Dr. Varma violates the conditions of the Physician's Assistance Program, he shall be first obligated to immediately inform in writing Dr. Bindal, to include the exact nature of the violation. If the violation involves a relapse of his addictive behavior, visitation shall be suspended only until such time as the court determines he is once again in compliance and it is appropriate for him to resume visitation.

The custody stipulation did not contain a provision prohibiting the circuit court from making changes or adding provisions.

On November 29, 2016, the circuit court held a hearing in which it was to enter the final decree of divorce (the "final decree"), incorporate the custody stipulation into the final decree, and also hear argument on mother's motion to require father to provide access to mother regarding status of his physician's assistance program (the "motion to provide access").[3] Father did not file a response to that motion.

---

[2] As part of the program, father is required to undergo "several urine screenings per month and also has to give a blood sample periodically," and thus the program provides information on whether father has relapsed into his addictive behavior.

[3] The motion to provide access was filed October 31, 2016.

At the hearing, counsel for mother proffered information indicating that father had possibly relapsed into his drug abuse, and thus that there should be an "efficient and reliable means of determining [father's] status within the . . . program." She argued that providing access to father's compliance with the program would help ensure the safety of the child during visitation, especially since father now lives in Pennsylvania, and mother lives in Virginia. Counsel for father argued that to grant mother's motion to provide access would essentially be "rewrit[ing] the part[ies'] agreement [on custody and visitation]." He argued that the circuit court could either enter the parties' custody stipulation as it was (as a part of the final decree), without amending it, or else would need to "go back to square one" and hear evidence and make rulings regarding the best interests of the child. However, father was not present at the November 29, 2016 hearing to contest any of mother's proffers.

The circuit court entered the final decree of divorce, which also affirmed, ratified, and incorporated, but did not merge, the custody stipulation. The circuit court also granted mother's motion to provide access and entered a supplemental order that granted mother access to father's program records (the "supplemental order"). The supplemental order provided that father was to authorize mother to "be able to obtain information directly from" the program, and that father was to "sign any and all documents and release forms necessary to authorize [mother] to obtain [the program] information." The order further stated that the "information obtained . . . pursuant to this order shall be maintained confidentially" and could only be disseminated to mother's counsel if the information showed father to be in violation of his program. Father now appeals.

A. Standard of Review

Each of the issues on appeal in this case we review under an abuse of discretion standard of review. "Matters of custody and determinations pertaining to the best interests of the children at issue, 'are left largely to the discretion of the trial court whose judgments will not be reversed

- 3 -

in the absence of a showing that the discretion given has been abused.'" Ferguson v. Grubb, 39 Va. App. 549, 557, 574 S.E.2d 769, 772 (2003) (quoting Sutherland v. Sutherland, 14 Va. App. 42, 44, 414 S.E.2d 617, 618 (1992)).  "Decisions involving the admission of evidence are reviewed on appeal for abuse of discretion by the trial court."  Booker v. Commonwealth, 60 Va. App. 35, 40, 723 S.E.2d 621, 623 (2012).  "A trial court's determination of a child's best interests 'is reversible on appeal only for an abuse of that discretion, and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it.'"  Rubino v. Rubino, 64 Va. App. 256, 261-62, 767 S.E.2d 260, 263 (2015) (quoting Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990)).

"A trial court, 'by definition abuses its discretion when it makes an error of law.'" Lanzalotti v. Lanzalotti, 41 Va. App. 550, 554, 586 S.E.2d 881, 883 (2003) (quoting Shooltz v. Shooltz, 27 Va. App. 264, 271, 498 S.E.2d 437, 441 (1998)).

> The Virginia Supreme Court has identified three principal ways by which a circuit court abuses its discretion:  "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment."

Rubino, 64 Va. App. at 262, 767 S.E.2d at 263 (quoting Landrum v. Chippenham & Johnston-Willis Hosps., Inc., 282 Va. 346, 352, 717 S.E.2d 134, 137 (2011)).

B.  Whether the Supplemental Order Impermissibly Changed the Parties' Custody Stipulation

Preliminarily, mother contends that father did not properly preserve this assignment of error because his brief "does not explain how the terms of the [supplemental o]rder conflict with the parties' Custody Stipulation."

Rule 5A:20(e) requires an opening brief to contain "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error."

"[W]hen a party's 'failure to strictly adhere to the requirements of Rule 5A:20(e)' is significant, 'the Court of Appeals may . . . treat a[n assignment of error] as waived.'" Fox v. Fox, 61 Va. App. 185, 200, 734 S.E.2d 662, 669 (2012) (quoting Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008)). If an appellant fails to "fully develop[]" an argument in his brief, this Court need not address the issue. Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

Here, father specifically argued that the supplemental order "was inconsistent with and fundamentally changed" the custody stipulation. Father cited Code § 20-109(C) and Rutledge v. Rutledge, 45 Va. App. 56, 608 S.E.2d 504 (2005), to support his contention that "the [circuit] court granted relief [in the supplemental order] that was not encompassed within the terms of the [custody stipulation]." Thus, father sufficiently developed his first assignment of error because he cited to specific authority and urged this Court to interpret such authority in a way that would favor father's view of the case, and this assignment of error is preserved.

Father contends that the supplemental order changes the parties' custody stipulation by adding a more restrictive layer to the requirement that father inform mother if he violates the terms of the program. Mother argues that it does not change the custody stipulation, but rather effectuates and enforces its terms.

Code § 20-124.2(E) states, "The court shall have the continuing authority and jurisdiction to make any additional orders necessary to effectuate and enforce any order entered" regarding the custody or visitation of a minor child. Further,

> Code § 20-108 gives a divorce court continuing jurisdiction, after a final decree of divorce has been entered, to modify its decree with respect to the custody and maintenance of minor children. The court's power in this respect is *unaffected by any contract entered into between husband and wife. Neither*

> *ratification nor incorporation of such a contract by the divorce decree affects the court's continuing jurisdiction in this regard.*

Edwards v. Lowry, 232 Va. 110, 112, 348 S.E.2d 259, 261 (1986) (emphasis added).

To support his contention that the circuit court was not permitted to amend the parties' custody stipulation, father cites to Code § 20-109(C), which states,

> In suits for divorce . . . if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed before entry of a final decree, no decree or order *directing the payment of support and maintenance for the spouse, suit money, or counsel fee or establishing or imposing any other condition or consideration,* . . . shall be entered except in accordance with that stipulation or contract.

(Emphasis added). However, father misrepresented the purpose of this code section, as he omitted from his brief the italicized language indicating that the statute affects only spousal support and maintenance issues. Father also cites Rutledge, 45 Va. App. at 63, 608 S.E.2d at 508, for the notion that a trial judge must "examine the parties' agreement to ascertain whether the relief sought by the moving party is encompassed within the terms of the agreement," however, father again failed to mention that Rutledge is a case concerning spousal support and attorney fees, not child custody. Thus, father's arguments on his first assignment of error are inapposite to the issue of whether the circuit court appropriately entered the supplemental order.

The supplemental order did not impermissibly change the parties' custody stipulation. First, the custody stipulation did not contain language prohibiting the court from making additional provisions with respect to custody and visitation. Moreover, the supplemental order did not add to any of father's responsibilities, because father had already agreed in the custody stipulation that he would inform mother if he violated the terms of the program. The supplemental order merely took into account the likelihood of delay or difficulty in mother obtaining father's program results, and "effectuate[d] and enforce[d]" the custody stipulation, which was incorporated into the final decree of divorce. Code § 20-124.2(E). The supplemental

- 6 -

order required father to authorize mother to obtain information necessary to determine whether father was in compliance with his program requirements; that information would then ensure that father was adhering to the terms of the custody stipulation, and thereby ensure the child's safety while on visitation with father.

Second, even if the custody stipulation did not contain a provision regarding disclosure of father's program status, the circuit court nonetheless had the statutory authority to modify the agreement to reflect conditions of custody and visitation that were in the best interests of the child, Edwards, 232 Va. at 112, 348 S.E.2d at 261. Moreover, Code § 20-124.3 requires a consideration of the "mental condition of each parent" and "such other factors as the court deems necessary and proper to the determination." Father's addiction to narcotics certainly constitutes a mental condition that could affect the child since prescription drug abuse could result in father becoming unable to safely care for the child. Further, since father lives in Pennsylvania and mother lives in Virginia, it is important to give mother an expedient way to determine father's compliance while the child is in his custody. Because father had serious drug abuse issues, the supplemental order clearly served the best interests of the child to ensure mother will remain informed of father's compliance with the program, especially since the child will be in a different state during her visitation with father. For these reasons, we find that the supplemental order did not impermissibly change the terms of the custody stipulation and the circuit court did not abuse its discretion in that regard.

### C. Whether the Supplemental Order was Supported by Evidence

Father contends that the circuit court erred in entering the supplemental order because it did not hear any evidence to support it, but merely relied on a proffer from mother's counsel. Mother contends that the circuit court did not err because it based the supplemental order on the custody stipulation and evidence heard in previous proceedings.

- 7 -

An appellate court reviews the terms of an agreement *de novo*, and is not required to accept a circuit court's construction of disputed terms. Shenk v. Shenk, 39 Va. App. 161, 173, 571 S.E.2d 896, 903 (2002).

Here, the custody stipulation is labelled as a stipulation, but father argues that it is no such thing but is rather a binding, unmodifiable agreement between the parties. However, a stipulation is "an agreement between counsel respecting business before a court," Lane v. Lane, 32 Va. App. 125, 129, 526 S.E.2d 773, 775 (2000) (quoting Burke v. Gale, 193 Va. 130, 137, 67 S.E.2d 917, 920 (1951)), which, when accepted by the court, relieves the parties from "any duty to offer evidence to prove the conceded issues," King William Cty. v. Jones, 65 Va. App. 536, 548, 779 S.E.2d 213, 219 (2015). Further, "[A] valid stipulation constitutes credible evidence" and neither party may argue that the other "failed to offer evidence to support" the conceded issues of a stipulation. Id.

However, an agreement can constitute a stipulation and vice-versa. See Lane, 32 Va. App. at 129, 526 S.E.2d at 775 ("In order to constitute a stipulation, an agreement between the parties incorporated into their final decree need only have been signed by their counsel."). And although labels are not controlling when determining contractual intent, Donnelly v. Donatelli & Klein, Inc., 258 Va. 171, 180, 519 S.E.2d 133, 138 (1999),

> [a] stipulation of counsel, particularly when relied upon by a court, cannot later be unilaterally withdrawn. Trial judges must be able to rely on counsel to make tactical concessions during trial, especially those "designed to narrow the issues and expedite the trial or settlement of litigation," without the risk of such reliance being undermined later.

Rahnema v. Rahnema, 47 Va. App. 645, 658, 626 S.E.2d 448, 455 (2006) (quoting McLaughlin v. Gholson, 210 Va. 498, 500, 171 S.E.2d 816, 817 (1970)).

Here, the circuit court treated the custody stipulation as an agreement between the parties regarding the custody and visitation arrangements that the parties agreed were in the best

interests of the child. The custody stipulation obviated the need for the circuit court to hold a hearing to the extent that the parties agreed but it did not end the circuit court's statutory responsibility to actually fashion the custody and visitation arrangements that would be in the best interests of the child. Because the custody stipulation was labelled as a stipulation, but also contained terms regarding custody and visitation, it constituted both the parties' agreement as to custody and visitation issues and as a stipulation of the facts supporting its terms. It would be unreasonable to permit father, who initially agreed to the terms contained in the custody stipulation, to later argue that the underlying facts of the custody stipulation are not binding. Thus, because stipulations constitute valid evidence, the custody stipulation itself contained sufficient evidence to support the supplemental order. King William Cty., 65 Va. App. at 548, 779 S.E.2d at 219. The underlying facts established in the custody stipulation, such as father's issues with drug abuse, are not only pertinent to the agreement between the parties, but also constitute evidence that father does, in fact, have drug abuse issues that pose potential harm to the child if not monitored. Further, because the custody stipulation required father to disclose his program compliance to mother, the stipulated facts underlying that term of the parties' agreement is that father could potentially relapse and that mother would need access to father's program information if he did. Those facts, which were established as evidence through the custody stipulation, are sufficient to support the circuit court's finding that it was necessary to give mother access to father's program records in the supplemental order.

D. Whether the Supplemental Order Required Additional Consideration of the Best Interests Factors

Again, we must first dispose of mother's contention that father failed to preserve this assignment of error because his citations to the joint appendix do not support his argument.

We do not default this assignment of error because father's objection on page 162 of the record, to which he did cite, alludes to the need for evidence on the best interests factors because

father pointed out that the circuit court had not heard evidence on the issues within the supplemental order.

Further, although father did not explicitly make an objection to the circuit court's failure to make findings on the best interests of the child, "if a trial court is aware of a litigant's legal position and the litigant did not expressly waive such arguments, the arguments remain preserved for appeal." Brown v. Commonwealth, 279 Va. 210, 217, 688 S.E.2d 185, 189 (2010). Here, father explicitly told the circuit court that he felt it needed to hold a separate hearing to determine the best interests of the child, and since he has not waived that argument, it remains preserved for appeal.

Father argues that the circuit court should not have entered the supplemental order without considering the best interests factors of Code § 20-124.3 in an evidentiary hearing.

"In determining what custodial arrangement serves the best interests of a child, the court must consider the factors enumerated in Code § 20-124.3." Lanzalotti, 41 Va. App. at 554, 586 S.E.2d at 883.

At the November 29, 2016 hearing, the circuit court did not make any specific findings as to the best interests of the child; rather, it accepted the parties' custody stipulation to that effect, which specifically provided that mother would have primary physical custody and father would have specified visitation. As previously stated, a stipulation relieves the parties from "any duty to offer evidence to prove the conceded issues," King William Cty., 65 Va. App. at 548, 779 S.E.2d at 219. Thus, when the parties presented and the circuit court accepted the custody stipulation, all the factual issues within the stipulation were considered settled before the court.

The circuit court also considered mother's motion for access at the November 29, 2016 hearing, and counsel for mother proffered facts pertaining to why it would be in the child's best

interests to require father to give mother access to his program records. However, father objected to the court considering the proffers without holding an evidentiary hearing.

First, the circuit court did not need to hear any evidence to enter the supplemental order because Code § 20-124.2(E) gave the court the "continuing authority and jurisdiction to make any additional orders necessary to effectuate and enforce any order entered" regarding the custody or visitation of a minor child and because the custody stipulation provided all the facts necessary to support the request through the provision that father would need to inform mother of his status in the program. The imposition of an additional provision further effectuating that term by requiring father to provide mother with limited access to his program records was within the circuit court's authority and no additional evidence was necessary.

Further, "in Virginia, we have established the rule that the welfare of the infant is the primary, paramount, and controlling consideration of the court in all controversies between parents over the custody of their minor children. All other matters are subordinate." Ferguson, 39 Va. App. at 558, 574 S.E.2d at 773 (quoting Verrocchio v. Verrocchio, 16 Va. App. 314, 318, 429 S.E.2d 482, 484 (1993)). "[W]hile the legal rights of a parent should be respected in a custody proceeding, those technical rights may be disregarded if demanded by the interests of the child." Bottoms v. Bottoms, 249 Va. 410, 419, 457 S.E.2d 102, 108 (1995). Additionally, when proffered evidence is used as proof as to some fact, the trial court should remain vested with a large amount of discretion as to whether that evidence was properly admitted. See Juniper v. Commonwealth, 271 Va. 362, 412, 626 S.E.2d 383, 415 (2006). "The determination to admit such relevant evidence rests within the trial court's sound discretion and will be disturbed on appeal only upon a showing of an abuse of that discretion." Id.

Here, there was sufficient evidence to support the circuit court's entry of the supplemental order, even though the order was based in part upon the proffer of mother's

counsel, and thus the circuit court did not need to hold an additional evidentiary hearing. The custody stipulation established underlying facts that father has drug abuse issues and that he would be required to inform mother of any noncompliance with the terms of his Physician's Assistance Program. Although the circuit court entertained mother's proffer regarding the reason why she needed to have direct access to father's program records over father's objection, it was within the circuit court's discretion as to whether to accept the proffer because the best interests of the child supersede the technical rights of the parents. See Bottoms, 249 Va. at 419, 457 S.E.2d at 108. Here, the best interests of the child required the supplemental order because in the event that father were to relapse to his drug abuse, it is highly unlikely that father would self-report his non-compliance with his program to mother. Without an order effectuating that term of the custody stipulation, the child could potentially be left in the custody of a father who has relapsed to his drug abuse and either forgotten to or refused to inform mother of his relapse.

Although father was not present at the entry of the supplemental order, that fact does not change the outcome for two reasons. First, the supplemental order contained sufficient limiting terms, requiring mother to keep father's information confidential, and stating that she could disclose information only when it showed father was in violation of his program; and even then, mother could only disclose the information to her attorney. Second, mother filed her motion for access on October 31, 2016, nearly one month before the November 29, 2016 hearing. Father did not file a response to mother's motion, nor did he appear at the hearing in anticipation of defending the motion. Father was represented by counsel throughout and clearly had sufficient notice and opportunity to respond.

For these reasons, we hold that the circuit court did not abuse its discretion when it entered the supplemental order.

E. Attorney Fees

Each of the parties in this case requests an award of their appellate attorney fees. The parties had a second stipulation regarding their marital assets, which was incorporated into the final decree of divorce and allowed them to collect from the other party any "fees and costs which may be incurred in the future due to an enforcement proceeding for which a court is empowered to award such fees and costs."

Rule 5A:30 allows this Court to remand a case for the determination of an award of attorney fees to the prevailing party. "In domestic relations cases, we award appellate attorney fees when the arguments on appeal are 'not fairly debatable under any reasonable construction of the record or the governing legal principles.'" Carrithers v. Harrah, 63 Va. App. 641, 655 n.10, 762 S.E.2d 402, 409 n.10 (2014) (quoting Brandau v. Brandau, 52 Va. App. 632, 642, 666 S.E.2d 532, 538 (2008)).

Here, the dispute regarding the nature of the custody stipulation cannot fairly be described as an "enforcement proceeding" and the arguments of each party are "fairly debatable" because it was unclear whether the circuit court's entry of the supplemental order was proper under the circumstances. Thus, we do not award appellate attorney fees to either party.

For the foregoing reasons, we affirm the decision of the circuit court and decline to award appellate attorney fees.

Affirmed.