COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Malveaux, Friedman and Lorish
Argued at Alexandria, Virginia


FRANK T. ROBERTSON, III, SOMETIMES KNOWN AS
 FRANK THURMAN ROBERTSON, III
                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 0064-24-4                        JUDGE LISA M. LORISH
                                                    OCTOBER 22, 2024
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Brett A. Kassabian, Judge

        Joseph W. Bolognesi for appellant.

        Susan Foster Barr, Senior Assistant Attorney General (Jason S.
        Miyares, Attorney General; Theophani Stamos, Deputy Attorney
        General, on brief), for appellee.


        Conceding that he remained a sexually violent predator (SVP), Frank Robertson sought

conditional release from his inpatient treatment at the Virginia Center for Behavioral

Rehabilitation (VCBR).  After considering evidence presented at two different hearings, the

circuit court found that Robertson did not meet the four criteria for conditional release under

Code § 37.2-912(A).  Because the court was not plainly wrong, we affirm.

                                STATEMENT OF FACTS

        Robertson was convicted of attempted rape and unlawful entry in 2006.  Robertson was

sentenced to 9 years of incarceration with 5 years suspended for his attempted rape charge, and

12 months suspended for his trespassing charge.  In 2010, Robertson was found by clear and

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

convincing evidence to be an SVP and he was committed to the custody of the Department of Behavioral Health and Developmental Services (DBHDS) for secure inpatient treatment.

Robertson was held at VCBR until 2016, when he was first conditionally released under Code §§ 37.2-910(D) and 37.2-912(A). Robertson had not shown behavioral issues for four quarters before he was discharged, and he successfully met all of his behavioral and treatment objectives. Per his home plan, Robertson was authorized to reside with his mother and father at their home in Fredericksburg in a neighborhood not known for drug or alcohol abuse.

Just over a year later, however, Robertson was taken into custody on allegations that he had violated the terms of his conditional release. As part of his conditional release plan, Robertson was required to complete sex offender treatment, but he was discharged from the same due to his continued use of pornography and for being dishonest with his supervising officers and treatment provider. In addition, after a polygraph test showed indications of deception related to peeping behaviors and selling drugs (all while on conditional release), Robertson eventually admitted that he had viewed pornography on a regular basis, masturbated to deviant fantasies, pressured women to send him erotic pictures, and engaged in other behaviors related to his voyeurism disorder while on release. The court ordered that Robertson be recommitted to the custody of DBHDS because he violated his conditional release terms.

About two and a half years later, Robertson again sought conditional release, and the court again found that he met the statutory criteria and granted his release back into the community. This time, Robertson was approved to live in an SVP house in Roanoke. This new home plan subjected Robertson to more restrictive rules than his previous home plan.

In April 2022, two years after his second release, Robertson was again taken into custody for violating his release conditions. Robertson had failed to report to a random urine screen, possessed an unauthorized smartphone, visited a female friend's house while a minor child was

- 2 -

present, allowed women in his house in violation of house rules, and removed his GPS monitoring device and absconded. Robertson did not challenge the allegations against him, and he was voluntarily recommitted to VCBR.

Following this recommitment, Robertson appeared for his statutorily mandated annual review hearing in August 2023.[1] At the beginning of the hearing, the circuit court explained that it was "not interested in [Robertson] being conditionally released today without a plan" and that it did not want to "go down that road" of having a conditional release plan prepared until it was "convinced that the criteria for consideration of some conditional release have been met." If the court determined enough criteria were met to justify the creation of a conditional release plan, it would "set a hearing date down the road" to review that plan. But "if the plan is not sufficient to protect public safety," the court would not grant conditional release.

Prior to the hearing, experts for both parties were ordered to review Robertson's quarterly progress report, which covered his treatment and progress up to June 30, 2023. The expert for the Commonwealth, Dr. Julio Ramirez, and the expert for Robertson, Dr. Alan von Kleiss, both filed reports concluding that Robertson remained an SVP but that he met the criteria for conditional release. The findings from both experts were admitted into evidence at the hearing without objection.

At the hearing, Dr. Ramirez testified that Robertson was a suitable candidate for conditional release under Code § 37.2-912(A) because he had successfully completed intensive inpatient treatment and because any risk he posed to the public could be contained by reasonably available outpatient treatment and supervision in the community. Dr. Ramirez also concluded

---

[1] Pursuant to Code § 37.2-910(A), a court that civilly commits a respondent for being a sexually violent predator shall conduct an annual hearing for five years, and at biennial intervals thereafter, to assess the respondent's need for secure inpatient treatment.

that Robertson would likely comply with the conditions of his release and did not present an undue risk to public safety. Dr. von Kleiss agreed that, to a reasonable degree of psychological certainty, Robertson met all the criteria for conditional release.

After hearing from the experts, the court raised concerns about releasing Robertson given that he had twice before been conditionally released and returned to VCBR for violating the terms of his release. While the court expressed confidence that Robertson had received the appropriate care from secure inpatient treatment in the 16 months since his recommitment, it could not "decide whether appropriate outpatient supervision is reasonably available or the level of undue risk, without finding [out] what the specific plan [was] in this case." The court found that Robertson would be an appropriate candidate for conditional release, contingent upon the presentation of a suitable plan. The case was continued to December 2023 for the preparation and receipt of a conditional release plan.

At the December hearing, Robertson introduced the conditional release plan prepared by the Office of Sexually Violent Predator Services. The proposed home plan was for Robertson to reside in an SVP house in Roanoke. The investigating probation officer noted in the report that "the home is located in a high-crime area where drugs, prostitution and other crime[s] are not unusual" and that "Mr. Robertson last absconded while being supervised in the same district."

Both Dr. Ramirez and Dr. von Kleiss testified in support of the home plan, relying on Robertson's progress and successful completement of treatment. The Commonwealth did not dispute that both experts had opined that Robertson met the criteria for conditional release, but nevertheless expressed concern about his return to the SVP home in Roanoke, since he had just violated the conditions of his previous release under the same home plan. The Commonwealth pointed out that the area where the SVP home was located is "a high-crime area in close proximity to drugs and alcohol and prostitution" and that, in an interview with Dr. von Kleiss,

- 4 -

Robertson had identified his risk factors for reoffending as "unhealthy peers, being in an area where drug use and alcohol [are] accepted, and prostitutes." Robertson had also told Dr. von Kleiss that "being away from his family members contributed to his failure" during his prior periods of conditional release and that he was "resistant to going to Roanoke." Counsel for Robertson argued that Robertson's family had moved out of state so he could no longer live with them and that all SVP homes were in high-crime areas, so that basis would always be grounds to deny his release.

After considering the evidence, the court found by clear and convincing evidence that Robertson did not meet all the criteria in Code § 37.2-912(A). Based on the release plan, the court concluded there was no significant reason to believe that Robertson would comply with the conditions of his release or that his release would not present an undue risk to public safety. The court cited specific concerns about the location in Roanoke being a potential trigger for Robertson. Robertson was recommitted to the custody of DBHDS for appropriate treatment and confinement. Robertson now appeals.

ANALYSIS

At SVP annual review hearings, "the Commonwealth has the burden of proving by clear and convincing evidence that the respondent remains a sexually violent predator." *Commonwealth v. Bell*, 282 Va. 308, 313 (2011). If the circuit court "concludes that the respondent remains a[n] SVP, the court must order that the respondent remain in secure inpatient hospitalization or be conditionally released." *Lotz v. Commonwealth*, 277 Va. 345, 349 (2009). "[T]he burden of proving that there is no suitable less restrictive alternative to involuntary confinement rests with the Commonwealth, and that burden cannot be shifted to the [respondent]." *Gibson v. Commonwealth*, 287 Va. 311, 319-20 (2014) (alterations in original) (quoting *McCloud v. Commonwealth*, 269 Va. 242, 261 (2005)). That said, on appeal, "this

Court must view the evidence in the light most favorable to the Commonwealth," as the prevailing party below. *Lotz*, 277 Va. at 349. Furthermore, the trial court's judgment will not be set aside unless it is "plainly wrong or without evidence to support it." Code § 8.01-680; *see also Shivaee v. Commonwealth*, 270 Va. 112, 128 (2005) (reviewing an evidentiary challenge to a finding that respondent was an SVP for plain error under Code § 8.01-680).

> A. The circuit court's original determination that Robertson may be eligible for conditional release was conditioned upon the submission of a home plan that the court approved.

Robertson contends that the court's August order created a reasonable expectation that he would be released upon the provision of an appropriate home plan, and by denying his conditional release in December, the court acted in contravention of its prior order. Robertson relies on the principle that a circuit court speaks through its orders and argues that the August order granted him release. Essentially, Robertson claims that the court—despite having explicitly stated that it could not determine whether all the statutory criteria were met until it reviewed the release plan—was plainly wrong to deny his conditional release at the later hearing.

"[A] 'court speaks through its orders and those orders are presumed to accurately reflect what transpired.'" *Rubino v. Rubino*, 64 Va. App. 256, 265 (2015) (quoting *McBride v. Commonwealth*, 24 Va. App. 30, 35 (1997)). "We apply an abuse of discretion standard in determining whether the circuit court's interpretation of its order is reasonable." *Roe v. Commonwealth*, 271 Va. 453, 458 (2006).

Here, the August order stated that "the Court hereby further FINDS that the Respondent *may* be a viable candidate for conditional release pursuant to Virginia Code §§ 37.2-910(D) and 37.2-912 *provided he is able to identify a suitable home plan*." (Emphases added). The order then continued the hearing to a later date and ordered the preparation of a release plan. The plain language of the court's order contradicts Robertson's argument that the court needed to release

- 6 -

Robertson after any home plan was submitted. To the contrary, the order matches the court's statements at the hearing. Robertson acknowledges as much by conceding that the court "reserved the right to 'revoke conditional release', based on a review of the conditional release plan." Without seeing the home plan, the court could not determine whether "appropriate outpatient supervision and treatment" would be reasonably available, or whether conditional release would "present an undue risk to public safety" under Code § 37.2-912(A). For these reasons, Robertson's first assignment of error lacks merit.

B. The trial court was not plainly wrong in finding that Robertson did not meet the criteria for conditional release.

Robertson also contends that the Commonwealth failed to prove by clear and convincing evidence that he did not meet the criteria for conditional release. "[C]onditional release is permitted only after a judicial determination that [an SVP] satisfies all four criteria stated in Code § 37.2-912(A)." *Lotz*, 277 Va. at 350. Code § 37.2-912(A) provides that a court "shall place [a] respondent on conditional release" if it makes four findings:

> (i) he does not need secure inpatient treatment but needs outpatient treatment or monitoring to prevent his condition from deteriorating to a degree that he would need secure inpatient treatment; (ii) appropriate outpatient supervision and treatment are reasonably available; (iii) there is significant reason to believe that the respondent, if conditionally released, would comply with the conditions specified; and (iv) conditional release will not present an undue risk to public safety.

Robertson argues that the court was plainly wrong in rejecting the home plan he submitted. He emphasizes that the Commonwealth's own expert testified that Robertson met all of the statutory criteria for release and that the court rejected his proposed release plan for concerns "almost exclusively [related to] static factors," including past violations that resulted in revocation of his conditional releases. Robertson asserts that the court neglected to consider "the most salient evidence . . . of [his] success in VCBR treatment," which, if properly considered, would negate the

Commonwealth's assertion that "the Trial Court's decision to deny conditional release was not plainly wrong or without evidentiary support when viewed in light of the totality of the record."

Both parties rely on *DeMille v. Commonwealth*, 283 Va. 316, 318 (2012), which requires that "the factual determination of whether a respondent is a sexually violent predator likely to engage in sexually violent acts is to be based on the totality of the record, including but not limited to expert testimony." Robertson argues that a proper evaluation of the totality of the record would include the myriad indicators of his progress in VCBR treatment, including his 100% participation in 18 months of inpatient treatment, achieving all his Phase 2 tasks and objectives, and promotion to Phase 3. But, in *DeMille*, the Supreme Court of Virginia found that the circuit court was authorized to look beyond the petitioner's progress in treatment as outlined by testifying experts. 283 Va. at 324-25. Here, the court was entitled to reject the expert opinions that Robertson's conditional release plan was satisfactory based on his history of reoffending while living in the area designated in the release plan. A review of the evidence leads this Court to conclude that the trial court was not plainly wrong to find that Robertson did not meet the criteria for conditional release.

Even though both experts testified that Robertson could satisfy all the requisite criteria, the court was required by statute to weigh all the evidence presented by both parties and make an independent determination of whether the statutory factors were satisfied. The court voiced concern about Robertson's repeated violations of the terms and conditions of his prior conditional releases, including cutting off his GPS ankle bracelet, absconding from supervision, and committing new crimes. The court also reiterated the concerns raised by the probation officer who prepared the report and the Commonwealth that the location of the SVP house in his conditional release plan may be a trigger for reoffending due to the prevalence of crime, drug use, and prostitution in the

area. Indeed, Robertson himself had identified his risk factors for reoffending as "unhealthy peers, being in an area where drug use and alcohol [are] accepted, and prostitutes."

Robertson claims that "[t]he real measure of whether he will be compliant is his progress in treatment and the extent to which he knows how to avoid making his previous mistakes again." The court did not dispute Robertson's claim about his progress; instead, the court remarked that it thought "significantly more participation in Phase 3 [of his inpatient treatment] regardless of how many times he has completed Phase 3" would be necessary before it could conclude that Robertson met the statutory requirements for release, given the other factors discussed above. Considering that Robertson had also completed inpatient treatment before each of his prior, unsuccessful, periods of conditional release, we cannot say the court's conclusion was plainly wrong.

Given Robertson's record of noncompliance during his two prior periods of conditional release, and the location of the SVP house in a neighborhood with triggers that Robertson himself identified as risks for reoffending, we are satisfied that the record contains at least some evidence to support the court's finding that Robertson did not meet all four criteria for conditional release.

## CONCLUSION

The trial court's decision denying Robertson's conditional release is not plainly wrong or without evidentiary support. Accordingly, we affirm the trial court's judgment.

*Affirmed.*